PRELL HOTEL CORP., a Corporation, Appellant, *v.* ANTHONY ANTONACCI, Respondent.

No. 6036

May 21, 1970           469 P.2d 399

*Singleton, Beckley, DeLanoy, Jemison & Reid,* of Las Vegas, for Appellant.

*Gregory & Gregory,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

An invited guest was playing "21" at the Alladin Hotel casino owned by Prell Hotel Corp. He was served several free drinks while so engaged. He lost his money, became angered and called the dealer a hateful, degrading name. The dealer reacted by punching the guest in the eye rendering him unconscious. Subsequently, the guest sued the hotel for damages, and a jury favored him with its verdict. Following entry of judgment the hotel appealed. The main issue is whether the assault and battery by the employee may be deemed to have occurred within the course and scope of employment so as to subject his employer to liability.

1. Early doctrine would not admit that a willful tort could be within the scope of employment. Laski, Basis of Vicarious Liability, 26 Yale L.J. 105, 118 (1916). This inflexible, arbitrary view has gradually been eroded, and the concept of scope of employment enlarged. Of course, if the employee's tort is truly an independent venture of his own and not committed in the course of the very task assigned to him, the employer is not liable. Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969); J. C. Penney Co. v. Gravelle, 62 Nev. 434, 155 P.2d 477 (1945). Where, however, the willful tort is committed in the course of the very task assigned to the employee, liability may be extended to the employer. This is particularly true in those cases where the employer, by contract, has entered into some relation requiring him to be responsible for the protection of the plaintiff. Forrester v. Southern Pacific Co., 36 Nev. 247, 134 P. 753

(1913); Quigley v. Central Pac. Ry. Co., 11 Nev. 350 (1876).

In the instant matter, the plaintiff was an invited guest of the hotel to whom the hotel served several free drinks, apparently to encourage his continued presence and participation in gaming. When the guest lost his money, became angered and called the dealer an opprobrious name, the dealer "dealt one card to each player all the way round, and then just like this he hit him, very spontaneously, no warning of any kind. He just hit him." The dealer did not leave his position behind the "21" table to accomplish the assault and battery. His willful tort occurred within the scope of the very task assigned to him, that of dealing "21." In these circumstances the employer is responsible.

The jury was properly instructed upon this subject.[1] Assuming without deciding, that certain instructions offered by the hotel and refused by the court on this same subject also were proper, it was not error to refuse them since they were merely embellishments. Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963).

2. The trial court declined to instruct the jury that consent is a defense to a civil action to recover damages for assault and battery. When consent is present such an instruction is appropriate. Wright v. Starr, 42 Nev. 441, 179 P. 877 (1919); cf. Steen v. Gass, 85 Nev. 249, 454 P.2d 94 (1969). Consent negates the existence of the tort and, therefore, denies liability. The hotel contends that the guest must be deemed to have consented to the assault upon him since the words he used to provoke the dealer were so personally offensive as to be an invitation to battle.

---

[1]The instruction: "An employer is liable for an assault and battery committed by an employee when the employee is acting in the course and scope of his employment.

"When an employee is acting within the course and scope of his employment, that is, while engaged in the service and work of his employer, and he does an act personal to himself that is so inextricably intertwined with his service to his employer, his doing so does not break the employment relationship so as to release the employer from responsibility for the employee's conduct.

"On the other hand, when an employee departs from the business or service of his employer, and pursues some activity or object not for his employer and not reasonably embraced within his employment, the employer is not responsible for anything done or not done in such activity."

Oral abuse or provocation, independent of any overt hostile act, however opprobrious or insulting, does not justify an assault and battery. Haman v. Omaha Horse Ry. Co., 52 N.W. 830 (Neb. 1892). Conversely, when accompanied by an overt hostile act, such oral abuse may amount to a challenge to fight and constitute consent. Rest. Torts 2d ed § 69. The record before us reflects nothing more than oral abuse or provocation. Thus, the trial court properly declined to instruct on consent.

3. We are requested to set aside the judgment for reasons of policy. It is a misdemeanor for one by word, sign or gesture to willfully provoke an assault. NRS 200.490. Therefore, the hotel urges that we should not allow one guilty of a criminal offense to profit from his own wrong. The purpose of that statute is to protect the public from a breach of the peace, rather than to provide a defense in a civil action between the participants. Cf. Schmidt v. Schmidt, 321 P.2d 895, 897 (Wash. 1958). An assault and battery also is a misdemeanor. NRS 200.480. Thus, we have a case in which both participants, the guest and the employee, each committed a criminal offense for which either could have been prosecuted. This circumstance alone does not foreclose civil relief to the person damaged. Name calling does not produce physical damage and the attendant expense. A battery may result in such damage and expense. The more significant policy is to prevent physical damage resulting in monetary loss. Hurt feelings caused by language must be of lesser significance in the affairs of life and our desire for an orderly society. The trial court correctly refused the hotel's proffered instruction based upon NRS 200.490.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.