**Mary Sue AUSTIN, Bob Green, and Penny Carlucci, Plaintiffs,**

v.

**C & L TRUCKING, INC., an Arkansas corporation, et al., Defendants.**

**CV–R–82–57–ECR.**

United States District Court, D. Nevada.

March 29, 1985.

---

466

Ralston Lercara Courtney, Coalinga, Cal., Calvin R.X. Dunlap, Reno, Nev., for plaintiffs.

Eugene J. Waite, Jr., Reno, Nev., for C & L Trucking, Inc. & Larry Allen Brooks.

No Appearance was entered by Kelly Capps, individually, or Junior Landis, individually.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendants C & L Trucking, Inc. ("C & L"), and Larry Allen Brooks ("Brooks") move this Court pursuant to Fed.R.Civ.P. 50(b) for Judgment Notwithstanding the Verdict for punitive damages on the grounds that (1) named defendants Junior Landis ("Landis") and Kelly Capps ("Capps") are not parties subject to the jurisdiction of the Court and, furthermore, absolutely no evidence was offered by any party relating to Landis or Capps; (2) there was insufficient evidence for the jury to award punitive damages against defendant C & L because there was no evidence that employer C & L was aware of a brake problem prior to the collision or that C & L had ratified any alleged wrongful conduct of its employee defendant Brooks; and (3) there was insufficient evidence for the jury to award punitive damages against Brooks because there was no evidence establishing that Brooks possessed the actual malice required by law.

*Facts*

This case arose out of a vehicle collision on July 16, 1981, in Lovelock, Nevada, between a passenger car driven, owned and occupied by plaintiffs, all citizens of California, and a tractor-trailer combination truck driven by defendant Brooks and owned by defendant C & L, both citizens of Arkansas. A suit was filed in this Court on February 19, 1982, alleging jurisdiction on the grounds of diversity of citizenship of parties and a controversy in excess of $10,000. 28 U.S.C. § 1332. Plaintiffs sought to serve defendants with process pursuant to NRS 14.070, which provides for service on operators, masters and principals of motor vehicles involved in collisions and accidents within the state. C & L and Brooks were served in this manner, answered, conducted discovery and filed pretrial motions with the court. Capps was also served with process pursuant to NRS 14.070, but did nothing. Capps did not answer or plead in the case or appear at the trial.

No service of process was made on Landis in conformity with the said statute. Landis, like Capps, did nothing. He did not answer or plead in the case. Landis did appear at the trial, but only as the case agent for C & L, and not in any individual capacity.

On November 20, 1984, a jury trial was held in this court. C & L and Brooks admitted liability, that the truck's brakes were bad, and that the driver, Brooks, was acting within the scope of his employment by C & L at the time of the accident. The only issue before the jury, therefore, was that of compensatory and/or punitive damages. Before the case went to the jury, defendants argued that there was insufficient evidence for an award of punitive damages. However, verdicts were returned on November 26, 1984, and judgments were entered on December 4, 1984, in favor of plaintiffs as follows:

(1) in favor of plaintiff Penny Carlucci against defendants jointly and severally for actual or compensatory damages in the sum of $4,400, and for punitive and exemplary damages

against the respective defendants C & L ($667), Capps ($500), Landis ($500) and Brooks ($333).

(2) in favor of plaintiff Leonard Ray Austin against defendants jointly and severally for actual or compensatory damages in the sum of $5,400; and for punitive and exemplary damages against the respective defendants C & L ($667), Capps ($500), Landis ($500) and Brooks ($333).

(3) in favor of plaintiff Mary Sue Austin against defendants jointly and severally for actual or compensatory damages in the sum of $21,800, and for punitive and exemplary damages against the respective defendants C & L ($2,667), Capps ($2,000), Landis ($2,000) and Brooks ($1,333).

### I

*Preservation of right to make motion*

■■■ Defendants in this case now move for a judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b) on the issue of punitive damages. The Rule provides in pertinent part:

Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; ... If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.

A motion for judgment notwithstanding the verdict must be preceded by a motion for directed verdict and must be on the same grounds as the earlier motion. Issues raised in both motions must be examined as a matter of law and not as an attempt to reweigh the facts found by the jury. *Mutual Ben. Health & Accident Ass'n. v. Thomas*, 123 F.2d 353, 355 (8th Cir.1941).

Although a few circuits rigidly adhere to the letter of Rule 50(b) regarding timing of the previous motion for directed verdict, a more flexible approach is followed by many circuits, including the Ninth. *See Bachtel v. Mammoth Bulk Carriers, Ltd.*, 605 F.2d 438, 441–42 (9th Cir.1979), *overruled on other grounds Brown v. American Mail Line, Ltd.*, 625 F.2d 221, 223 (9th Cir.1980); *Bonner v. Coughlin*, 657 F.2d 931, 938 (7th Cir.1981). These cases allow a motion for judgment n.o.v. to be brought following earlier motions for directed verdict at close of plaintiff's case, where a request also was made for jury instruction to return a verdict in the moving party's favor. *See also Splitt v. Deltona Corp.*, 662 F.2d 1142 (5th Cir.1981) (Where defendant argued strenuously against a jury instruction permitting punitive damages, right to move for judgment n.o.v. on the issue of punitive damages was preserved even though the earlier motion for directed verdict had been on a different issue); *Quinn v. Southwest Wood Products, Ind.*, 597 F.2d 1018 (5th Cir.1979).

■■■ In the present case, defendants asked permission from the court to move for directed verdict on the issue of punitive damages at the close of the case. The court reserved arguments on this issue for the settlement of jury instructions, at which time the defendants strongly objected to Instruction # 69 on punitive damages, on the ground of insufficient evidence. This Court now holds that, in the present case, defendants' right to move for judgment notwithstanding the verdict under Fed.R.Civ.P. 50(b) has been preserved.

### *Standard of Review*

■■■ Judgment notwithstanding the verdict is proper only where the evidence presented by the moving party allows only one reasonable conclusion as to the verdict, the one being alleged, *Garter-Bare Co. v.*

*Munsingwear, Inc.*, 723 F.2d 707, 709 (9th Cir.1984); *Cal. Computer Products v. Intern. Business Machines*, 613 F.2d 727, 733 (9th Cir.1979); *Kaplan v. Burroughs Corp.*, 611 F.2d 286, 290 (9th Cir.1979); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978). The key issue is whether there is substantial evidence to support the jury's verdict. *Garter-Bare Co.* at 709.

## II

### *Service of Process on Capps and Landis*

Defendants allege that Capps and Landis are not proper parties in this action because neither personally was served with process and because neither waived service by appearing in his personal capacity at trial. Further, defendants claim that all papers filed by counsel for C & L and Brooks reflect the fact that this counsel represented only these two defendants and did not respond on behalf of Capps and/or Landis.

■ Plaintiffs counter-argue that, if so, counsel for C & L and Brooks lacks standing to move for judgment n.o.v. on behalf of non-clients, and that, to do so, would be a clear conflict of interest. We do not have to reach this argument because this Court has the power to decide, *sua sponte*, whether Capps and/or Landis were served and if not, to dismiss the action against them for lack of jurisdiction. Fed.R.Civ.P. 4(j).

■ Plaintiffs attempted to serve process on Capps and Landis on February 19, 1982, pursuant to Fed.R.Civ.P. 4 and NRS 14.070. On that date, Fed.R.Civ.P. 4(d)(1) provided in pertinent part that:

Service shall be made as follows: Upon an individual ... by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(1) for service on out of state parties provided in pertinent part as follows:

Whenever ... a rule of court of the state in which the district court is held provides for service of summons ... upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the ... rule.

NRS 14.070 provided for service of process on operators of motor vehicles involved in collisions and accidents in the state, in pertinent part as follows:

1. The use and operation of a motor vehicle over the public roads, streets or highways, or in any other area open to the public and commonly used by motor vehicles, in the State of Nevada by any person, either as principal, master, agent or servant, shall be deemed an appointment by the operator on behalf of himself and his principal or master, ... of the director of the Department of Motor Vehicles to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, his principal or master, ... growing out of such use or resulting in damage or loss to person or property, and the use or operation signifies his agreement that any such process against him which is so served has the same legal force and validity as though served upon him personally within the State of Nevada.

2. Service of process must be made by leaving a copy of the process with a fee of $5 in the hands of the director of the Department of Motor Vehicles or in his office, and such service shall be deemed sufficient upon the operator if notice of service and a copy of the process is sent by registered or certified mail by the plaintiff to the defendant at the address supplied by the defendant in his accident report, if any, and if not, at the best address available to the plaintiff, and a return receipt signed by the defendant or a return of the Post Office Department stating that the defendant refused to accept delivery or could not be located, or that the address was insufficient, and the plaintiff's affidavit of compliance therewith are attached to the original process and returned and filed in the action in which it was issued ...

Plaintiffs delivered a copy of the summons and complaint addressed to each defendant, Capps, Landis, C & L and Brooks, to the Nevada director of the Department of Motor Vehicles and mailed a copy of the summons and complaint by certified mail, return receipt requested, to C & L, Capps and Landis at the address provided for C & L in the accident report: P.O. Box 409, Judsonia, Arkansas 72081. Receipts returned from the mail service on C & L, Capps and Landis all seem to have been signed by the same person, without indication of whether this person was an addressee or an agent. C & L's receipt was signed, "C & L Trucking," Capps' receipt was signed "Kelly Capps" and Landis' receipt was signed "C & L Trucking."

There is no dispute that C & L was properly served in this manner under NRS 14.070, as a principal or master of operator Brooks. This Court now finds that Capps' signature on his receipt also constitutes a "return receipt signed by the defendant" within the meaning of the statute, and that Capps, therefore was properly served.

However, Landis did not sign his return receipt personally. Plaintiffs have failed to show that C & L is an alter ego for Landis such that the signature "C & L Trucking" would constitute a receipt signed by "the defendant." Although Landis was named in the complaint personally and as doing business as C & L Trucking, and the complaint alleged that he was the owner of the trucking business, plaintiffs offered no evidence to show this fact. There also was no evidence that C & L was a corporate sham, existing solely to shield other parties from liability for alleged acts of employees. Further, Landis did not waive service by answering the complaint, conducting discovery or appearing in his personal capacity at trial. Therefore, this Court finds that Landis was not properly served under NRS 14.070 in this case and is not a proper party before this Court.

Plaintiffs argue that it would be unjust to dismiss the award of punitive damages against Landis for lack of service after the jury has returned its verdict. Plaintiffs reason that if he had been dismissed earlier, the jury could have increased its award against the remaining defendants to reach some mathematical amount for punitive damages. This argument is without merit. Punitive damages are personal to a given defendant and must be based on that defendant's degree of culpability, maliciousness, oppressiveness and fault, and awarded in an amount sufficient to punish that particular defendant. NRS 14.010(2). It is improper to claim that punitive damages against some defendants might have been increased if another defendant were not in the case.

*Judgment against Landis*

■ In that there has been no lawful service of process on Landis, any judgment entered against him in this matter is null and without effect. One is not bound by a judgment *in personam* resulting from litigation to which he has not been made a party by service of process. *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969); *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 510 (9th Cir.1980).

*Judgment against Capps*

■ A civil action is commenced by filing a complaint with the court. Thereafter, the Clerk of the court issues a summons, which is served along with the complaint on the defendant. Fed.R.Civ.P. 3, 4. A defendant is required to serve his answer within 20 days after receiving the service of the summons and complaint, unless a different time is fixed by the court. Fed.R.Civ.P. 12. Service pursuant to Fed.R.Civ.P. 4(e) may be made under the Nevada Rules of Civil Procedure which also require an answer within 20 days after service. If a party against whom affirmative relief is sought fails to plead or otherwise to defend as provided in the Rules, the Clerk of the court upon a showing that such service has been made, is required to enter the party's default. Fed.R.Civ.P. 55. It is inappropriate to have a trial and assess damages against a non-answering party, without further proceedings.

In the present case, Capps was served with process pursuant to NRS 14.070, and did not answer or file any papers with this Court. In addition, he did not appear at trial to defend himself. Therefore, the judgment that has been entered against Capps in this case must be set aside. However, Capps may be subject to the entry of a default judgment against him, and may be subject to further proceedings in this case.

### III

*Punitive damages against C & L Trucking, Inc.*

Nevada law allows punitive damages to be awarded where a defendant is "... guilty of oppression, fraud or malice, express or implied." NRS 42.010(1). These damages are awarded in addition to those for compensation for the sake of example and for the purpose of punishing the wrongdoer. NRS 42.010(2). *See also Summa Corp. v. Greenspun*, 96 Nev. 247, 256, 607 P.2d 569 (1980).

The punitive damages awarded against defendant C & L were justified under the doctrine of *respondeat superior,* holding the employer liable for the acts of his employee. The Nevada Supreme Court has said that:

The relation between parties to which responsibility attaches to one, for the acts of negligence of the other, must be that of superior and subordinate, or, as it is generally expressed, of master and servant, in which the latter is subject to the control of the former. The responsibility is placed where the power exists. Having power to control, the superior or master is bound to exercise it to the prevention of injuries to third parties, or he will be held liable. The responsibility attaches to the superior, upon the principal qui facit per alium facit per se. (Who acts through another acts for himself.)

*Wells, Inc. v. Shoemake,* 64 Nev. 57, 64, 177 P.2d 451, 455 (1947). *See also National Convenience Stores v. Fantauzzi,* 94 Nev. 655, 657–658, 584 P.2d 689, 691–692 (1978); *Molino v. Asher,* 96 Nev. 814, 817, 618 P.2d 878 (1980).

Defendants nevertheless contend that we should be limited by the doctrine of *Summa Corp. v. Greenspun,* that punitive damages cannot be awarded against a principal when that principal did not know of the employee's wrongful conduct and did not authorize it. 96 Nev. at 257, 607 P.2d 569. However, the facts in *Summa Corp.* differ from those in the case at bar. In *Summa Corp.,* the employee deliberately withheld information about an oral recission agreement from the employer and the employer recorded a therefore voidable deed of trust without knowledge of the oral recission agreement. In that case, liability for punitive damages was not imputed to the employer. In the present case, however, there is no evidence that Brooks deliberately withheld any information regarding the condition of the truck's brakes from his employer, C & L. In addition, C & L authorized repair of the truck's brakes, and promptly paid the bill where C & L took responsibility for the truck's condition, liability for punitive damages imputed to it. *See Prell Hotel Corp. v. Antonacci,* 86 Nev. 390, 392, 469 P.2d 399 (1970) (liability was imposed on employer for employee's willful tort committed within the scope of his employment); *Forrester v. S.P. Co.,* 36 Nev. 247, 284–295, 134 P. 753, 136 P. 705 (1913) and the cases cited therein (the principal or master is liable in exemplary damages for the wrongful, wanton, and oppressive acts of the agent or servant when acting within the scope of his employment, although not authorized or ratified.) *See also National Convenience Stores v. Fantauzzi,* 94 Nev. 655, 584 P.2d 689 (1978) (employer found liable under respondeat superior for actions of employee driving within scope of employment); *Wagon Wheel Saloon & Gambling Hall v. Mavrogan,* 78 Nev. 126, 369 P.2d 688 (1962) (where unsafe condition exists that has been created by employee, invitee to premises need not prove the owner's notice or knowledge of the dangerous condition and such knowledge is imputed to the owner.) For these reasons, where it was not shown

that employee Brooks deliberately withheld information regarding the condition of the truck brakes from his employer C & L, it is not necessary for the plaintiffs to show that C & L had actual knowledge of the defective condition of the brakes. This knowledge is imputed to C & L through the operation of the doctrine of *respondeat superior.*

### IV

*Punitive damages awarded against Brooks*

Defendants contend that there was insufficient evidence to support the jury's verdicts against driver-employee Brooks because there was no proof that he acted with actual malice. Defendants distinguish negligence and even unconscionable irresponsibility from malice in fact, saying that the latter requires evidence of willfulness or that the damage was either intended or a necessary consequence of the act. *See Village Development Co. v. Filice,* 90 Nev. 305, 526 P.2d 83 (1974) (award of punitive damages was reversed where there was evidence of unconscionable irresponsibility in a land sales deal but not enough evidence to show oppression, fraud or malice in fact on the part of defendant sellers.) Plaintiffs, however, contend that Brooks was more than merely negligent in his action and that he showed a wanton disregard for the safety of all persons on the roadway.

Whether the record contains sufficient evidence to justify an award of punitive damages is a question of law, and for the court to decide. *U.S. Fidelity v. Peterson,* 91 Nev. 617, 540 P.2d 1070 (1975). Where the necessary factual basis for punitive damages exists, the amount of the award rests with the sound discretion of the jury. *Leslie v. Jones Chemical Co.,* 92 Nev. 391 at 394, 551 P.2d 234 (1976). *See also Caple v. Raynel Campers, Inc.,* 90 Nev. 341, 526 P.2d 334 (1974).

In the present case, service station and tow business operator Jack Shearer testified that plaintiffs' car was stopped at a stop light and that defendants' truck struck the car from the rear at a speed of 30–35 miles an hour. The car was totally damaged with the rear section bent down to the ground. Shearer also testified that the driver of the truck (Brooks) was upset and stated that he did not have any brakes, which proved to be true. Shearer continued to testify that he repaired the brakes at C & L's request, that the old brakes were burned up, and, in Shearer's opinion, that they had been that way for some time. Therefore, there is sufficient evidence to show that the truck's brakes were faulty at the time of the accident, had been in faulty condition for some time, and that Brooks was aware of this fact.

Malice in fact may be inferred from a conscious disregard of an accepted safety procedure by the defendant. *Leslie v. Jones Chemical Co.,* 92 Nev. 391, 394, 551 P.2d 234 (1976). In *Leslie,* a cylinder of defendant's chlorine gas exploded spewing compressed chlorine over a hotel swimming pool and patio area, injuring plaintiffs. The Nevada Supreme Court said that:

> the jury reasonably could conclude that the defendants consciously and deliberately disregarded known safety procedures regarding the handling of chlorine cylinders in reckless disregard of possible results, and that such evidence sufficiently established malice in fact to allow punitive damages.

*Leslie* 92 Nev. at 393, 551 P.2d 234, citing NRS 42.010.

The same conclusion can be reached in the present case with regard to driving a large tractor-trailer combination truck on an interstate highway with defective brakes. In a concurring opinion in *Leslie,* Gunderson, C.J. and Zenoff, J., put it succinctly:

> It is possible, of course, that some persons may view some kinds of consciously wanton conduct as less culpable than others. Still, where the record justifies the jury's finding of requisite intention or willingness to injure, we believe a reduc-

tion of punitive damages may not be justified by the trial judge's personal thoughts about the relative social acceptability of different kinds of willfully wrongful conduct.

*Leslie* 92 Nev. at 394, 551 P.2d 234.

It is reasonable to find in the present case, that Brooks' driving his tractor-trailer combination truck on the interstate highway with defective brakes shows such wanton disregard for the safety of others and a willingness to injure, that the requisite malice in fact for punitive damages under NRS 14.010 exists. *See Nevada Credit Rating Bur., Inc. v. Williams*, 88 Nev. 601, 610, 503 P.2d 9 (1972).

IT IS, THEREFORE, HEREBY ORDERED that the judgment in this action against defendant Junior Landis is VACATED.

IT IS FURTHER ORDERED that the judgment in this action against defendant Kelly Capps is VACATED subject to further proceedings.

IT IS FURTHER ORDERED that the motion for judgment notwithstanding the verdict for punitive damages awarded in favor of the plaintiffs against defendant C & L Trucking, Inc. is DENIED.

IT IS FURTHER ORDERED that the motion for judgment notwithstanding the verdict for punitive damages awarded in favor of the plaintiffs against defendant Larry Allen Brooks is DENIED.