John DOE, a Minor Child, By and Through his Representatives John and Patricia KNACKERT, Plaintiffs,

v.

Harvey ESTES, Individually; Charles Morfin, Individually; Lander County School District, a Political Subdivision of the State of Nevada, et al., Defendants.

No. CV–N–94–363–ECR.

United States District Court, D. Nevada.

May 16, 1996.

Phillip M. Stone of Jeppson & Lee, Reno, Nevada, for plaintiffs.

Joseph Charles Morfin, Carson City, Nevada, Pro Se.

Thierry V. Barkley of Petty & Spann, Reno, Nevada, for defendants Lander County School District and Harvey Estes.

## ORDER

EDWARD C. REED, Jr., District Judge.

**Introduction**

Before the court is the Motion for Summary Judgment (Doc. # 51) filed by Defendant Lander County School District and by the individual Defendant Harvey Estes, a teacher and counselor employed by Defendant School District.

This action arises out of the alleged sexual molestation of the minor plaintiff by a Lander County, Nevada public school teacher. The essence of Plaintiff's claim under 42 U.S.C. § 1983 is that the criminal sexual attack upon him subjects the moving Defendants to civil liability for violation of his federal constitutional rights to be free from such grievous physical, emotional and psychological injury. Plaintiff appends to his federal civil rights claim various tort claims based on state law.

Defendants Estes and Lander County School District have moved for summary judgment, arguing that Plaintiff has failed to demonstrate the existence of any genuine issue of material fact to be tried, and that they are therefore entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

**I. Summary Judgment Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.,* 521 F.2d 1129 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner,* 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141 (9th Cir.1983).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S.

317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

## II. Plaintiff's Section 1983 Claim

Plaintiffs do not specify the precise right allegedly violated by the actions of the individual or institutional defendants. They claim violations of rights secured them by the Fourth, Fifth and Fourteenth Amendments. Viewing such generalized allegations in conjunction with the stated gravamen of the complaint, i.e. the acts of sexual assault against the minor Plaintiff by Defendant Morfin, Plaintiffs appear to have alleged violations of the rights secured them by the Due Process Clause of the Fourteenth Amendment, which protects against "unjustified intrusions on personal security." *Ingraham v. Wright,* 430 U.S. 651, 673 & n. 41, 97 S.Ct. 1401, 1413 & n. 41, 51 L.Ed.2d 711 (1977). Sexual assault upon a student by a teacher is an unconstitutional intrusion into the child's bodily integrity, somewhat akin in nature to corporal punishment. *Stoneking, id.* at 727.

Defendants seek summary judgment on Plaintiffs' claim under 42 U.S.C. § 1983 on the ground that there exists no "special relationship" between public school officials and students. In the absence of such a special relationship, they maintain, there can be no liability of school districts or their officials for the type of wrong visited upon Plaintiffs.

The existence *vel non* of a "special relationship" between Plaintiffs and Defendants is beside the point. Most of the authority cited by Defendants in their motion for summary judgment deals with the issue whether a school district or its officials may be liable under Section 1983 for the wrongs of *private* actors. In this case, the alleged primary tortfeasor, Defendant Charles Morfin, was at the time of the alleged sexual molestation of Plaintiff, a *public employee.* Violations of constitutional rights by government actors are without question grist for the § 1983 mill. *Stoneking v. Bradford Area Sch. Dist.,* 882 F.2d 720 (3d Cir.1988), *cert. denied,* 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990); *cf. DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

However, the present motion for summary judgment is made not by Defendant Morfin, but by the school district and its employee Estes. These defendants bear legal responsibility for the harm inflicted upon the minor plaintiffs, if at all, on the basis of their authority to control and supervise Defendant Morfin's behavior, and on their failure to properly exercise that authority for the protection of the plaintiffs. Disposition of the present motion, therefore, depends on whether Plaintiffs have presented sufficient evidence to justify the imposition of supervisory liability under the law of Section 1983.

Common law principles of vicarious liability do not, standing alone, subject public employees or public entities to Section 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Supervisors and local government entities may in some cases, however, be liable under Section 1983 for their own unconstitutional acts.

Defendant Lander County School District may be liable under Section 1983 only if some policy or custom it followed can be said to have legally been the cause of the complained-of constitutional violations. *Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit.*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Davis v. Mason County*, 927 F.2d 1473 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991). In other words, the school district may be liable under Section 1983 for constitutional torts committed by its employees when the choice it makes from among various alternatives to follow a particular course of action reflects a "deliberate indifference" to the constitutional rights of the plaintiffs. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). Such liability does not, as the moving defendants apparently believe, depend on the existence of a "special relationship" between the local government officials and the plaintiffs. *Stoneking, id.* at 725 (citing *Bordanaro v. McLeod*, 871 F.2d 1151 (1st Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989)).

In this Circuit, a civil rights plaintiff seeking to impose constitutional liability upon a local government entity for failing to act to preserve her constitutional rights must show (1) that she was deprived of a constitutional right, (2) that the local governmental entity maintained a policy, (3) that this policy represented deliberate indifference by the entity to the plaintiff's constitutional rights, and (4) that the policy was in some manner the "moving force" behind the alleged constitu-

tional violation. *Oviatt by and through Waugh v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).

Local government supervisors such as Defendant Estes, on the other hand, may be individually liable under Section 1983 if they set in motion a series of acts by others, or knowingly refuse to terminate a series of acts by others, which acts the supervisor knew or should have known would result in constitutional injury. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991). Supervisors may also be held to answer under Section 1983 for their own culpable action or inaction in the training, supervision, or control of their subordinates, for their acquiescence in the constitutional injuries complained of, or for conduct showing a reckless or callous indifference to the rights of others. *Id.*

On summary judgment, Plaintiffs must demonstrate to the court that there exist genuine disputes over material issues of fact which must be resolved at trial.

## A. The Section 1983 Claim Against Estes

In this judicial circuit, a public employee with supervisory responsibility over other public employees may be individually liable for the constitutional wrongs inflicted by her subordinates only if her own conduct can be said to have in some way been the "moving force" behind the injuries inflicted by those subordinates. Proof that the defendant supervisor was such a "moving force" may be accomplished either by showing that the supervisor set in motion a series of events which she knew or reasonably should have known would result in constitutional injury, or that she *knowingly* refused to terminate a series of acts by a subordinate which the supervisor knew or should have known would cause the subordinate to inflict the harm alleged. *Larez v. City of Los Angeles*, 946 F.2d at 646.

Nowhere in the complaint or in the brief opposing summary judgment does there appear any evidence that in the period between 1977, when Charles Morfin began teaching in Lander County's public schools,

and the date of the alleged molestation of the minor Plaintiff, that Defendant Estes had any information whatsoever which should have led him to take steps to prevent Plaintiff's injury. Indeed, Plaintiff tells us only that the alleged incident or incidents occurred some time between 1977 and 1990.

Plaintiff was born March 16, 1977. It appears from the independent psychological assessment of the minor Plaintiff conducted by Defendants' psychologist that the alleged sexual abuse occurred while Plaintiff was in his first year of elementary school. Defendants' Notice of Transmittal (Rule 35 Production) at 4 (Doc. # 41). Children attend first grade beginning at about the age of six, so the court must assume that the alleged attack occurred between the fall of 1983 and the spring of 1984. *See* Defendants' Motion for Summary Judgment at 11 (Doc. # 51).

The only evidence of record that Defendant Estes knew of Charles Morfin's sexual assaults on children in the Lander County public schools consists of the 1987 report by a school janitor that she had witnessed Morfin fondling a child in a darkened classroom. Deposition of Maria Narvaiza, appended as Ex. B to Plaintiff's Opposition to Summary Judgment (Doc. # 55). The incident involving Plaintiff Doe allegedly took place at least three years earlier. There is no evidence that Defendant Estes had any information regarding Morfin's abuse of students *prior* to the date Plaintiff Doe was allegedly sexually assaulted. The court therefore has little choice but to conclude that, in fact, Defendant Estes had no information prior to the date Plaintiff Doe was attacked which should have led him to take measures to prevent the harm Plaintiff suffered at Morfin's hands. He cannot be said to have "knowingly refused" to terminate Morfin's sexual predations.

■ Nevertheless, Defendant Estes may be liable for the minor Plaintiff's injuries if he implemented a policy so deficient that the policy itself was a repudiation of the plaintiff's constitutional rights *and* was the moving force behind the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (internal quotation marks omitted), *cert. denied*, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992).

■ The record contains no indication that Defendant Estes "set in motion a series of events" which he knew or should reasonably have known would cause Plaintiff's injuries. Nor is there any indication that Estes, as school counselor with responsibility for reporting complaints of sexual abuse of students by teachers, and as a person with training in counseling and investigation of alleged sexual attacks by teachers on students, implemented a policy so deficient as to itself comprise a repudiation of the students' constitutional rights and to form the moving force behind the eventual violation of those rights by Charles Morfin. There is no evidence that Defendant Estes was charged with implementing policy with respect to prevention, detection, or reporting of suspected sexual abuse of students. Nor is there evidence that prior to 1987 Estes ever received any complaints about Morfin, or any reports that a student had been sexually abused.

There is, therefore, no evidence that a policy implemented by Defendant Estes can be said to have "repudiated" Plaintiffs' constitutional rights. *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir.1995). Defendants are therefore entitled to summary judgment with respect to Plaintiff's claim under Section 1983 against Estes in his individual capacity.

■ Plaintiff argues in opposition to summary judgment that there remain for trial genuine issues of material fact on its claim against Defendant Estes in his *official* capacity. But the complaint names Estes only in his *individual* capacity; Plaintiffs' official-capacity claim is improperly presented for the first time on summary judgment. The deadline set by the court's scheduling order for motions to amend the complaint having long since past, the court declines to entertain argument on a claim for relief not set out in the pleadings. *See Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994).

## B. The Section 1983 Claim Against the School District

■ The Defendant School District may be liable for the minor Plaintiff's inju-

ries if Plaintiffs prove that the alleged unconstitutional conduct results in some way from a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or if alleged constitutional deprivation was "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Redman,* 942 F.2d at 1443–44 (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978)). Plaintiffs need not show that Defendants maintained a policy affirmatively *encouraging* teachers to prey sexually on students; local governments may be liable under Section 1983 for constitutional injuries inflicted by their employees if their *failure* adequately to guard against such injuries through training and supervision rises to the level of "deliberate indifference" to the constitutional rights of citizens who come in contact with those employees. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989).

■■■■ No Ninth Circuit panel has yet defined the threshold level of a school district's "indifference" to the risk that its teachers may take sexual advantage of their minor charges sufficient to survive a motion for summary judgment. In the context of a police department's deliberate indifference to the rights of arrestees, though, the Ninth Circuit has held that if the need for more or different training is so obvious that inaction is very likely to result in constitutional violations, the policymaking body may be said to have displayed deliberate indifference. *Davis v. Mason County,* 927 F.2d 1473 (9th Cir.1991).

Justice O'Connor argued that local governmental liability under Section 1983 for its sins of omission ought not be imposed absent some showing of "a high degree of fault on the part of city officials." *City of Canton, Ohio v. Harris,* 489 U.S. at 396, 109 S.Ct. at 1208 (O'Connor, J, concurring). The Court of Appeals for the Eighth Circuit has declared that local government entities may not be held liable under the so-called "constructive notice" standard of *Harris* absent proof of "a pattern of persistent and widespread unconstitutional practices that ha[ve] become so permanent and well-settled as to have the force and effect of law." *Jane Doe A. by and through Jane Doe B. v. Special Sch. Dist.,* 901 F.2d 642, 646 (8th Cir.1990). The Third Circuit requires evidence of concealment, encouragement, or acceptance of unconstitutional staff behavior, or complaints by teachers, or intimidation or discouragement of student complaints. *Shepard v. Kemp,* 912 F.Supp. 120, 126 (M.D.Pa.1995); *see also Black by Black v. Indiana Area Sch. Dist.,* 985 F.2d 707, 712 (3d Cir.1993) (requiring proof that school district's manner of responding to complaints of sexual abuse of students by staff to have "affirmatively contributed" to the plaintiff's subsequent victimization). The Tenth Circuit demands proof of (1) the existence of a continuing, persistent and widespread practice of unconstitutional misconduct by school district staff and (2) deliberate indifference to or tacit disapproval of such misconduct by school district policymakers after notice of the misconduct. *Gates v. Unified Sch. Dist. No. 449,* 996 F.2d 1035 (10th Cir.1993); *see also Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 454 (5th Cir.) (requiring plaintiff in Section 1983 claim of "deliberate indifference" to prove (1) defendant's knowledge of facts of past violation or pattern of violations, (2) defendant's deliberate indifference through its failure to prevent or stop those violations and (3) a causal connection between that failure and plaintiff's injury), *cert. denied,* —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). Nevertheless, it must be remembered that the victims in these cases are children, removed from the protection of their families and entrusted to the care of the local school district. It is no doubt sad commentary on the times in which we live that it is today hardly remarkable to find in our newspapers accounts of children sexually attacked by teachers and fellow students while on the premises of our public schools. The last ten or fifteen years have seen these shocking incidents repeated in dozens of communities across this country. *See, e.g.,* William W. Watkinson Jr., Note, *Shades of DeShaney: Official Liability Under 42 U.S.C. § 1983 for Sexual Abuse in the Public Schools,* 45 Case W.L.Rev. 1237,

1239–40 nn. 8–19 (1995) (citing account of children sexually abused in the public schools in New York, Washington, Chicago, Seattle, Virginia, Connecticut, etc.).

In the face of this epidemic, the court cannot conclude that the failure of Defendant Lander County School District to take action to prevent sexual molestation of the children in its care by its own employees did not constitute deliberate indifference to the unfortunate but very real risk that such execrable assaults would occur. *Reynolds v. Borough of Avalon*, 799 F.Supp. 442, 445–46 (D.N.J.1992). Certain situations present a potential for constitutional violations that is so obvious and so clearly likely to occur, that a local government entity's failure to take prophylactic measures may well rise to the level of deliberate indifference even before any particular violation has been brought to the attention of the entity's policymakers. *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir.1996); *Reynolds, id.* at 446. *Cf. Thelma D. by and through Delores A. v. Board of Education*, 934 F.2d 929, 934 (8th Cir.1991) (recognizing "implied notice" theory of deliberate indifference, but affirming grant of summary judgment where defendant school district had implemented extensive training program for detecting and reporting suspected child sexual abuse).

Schoolchildren are particularly vulnerable to mistreatment at the hands of adults, especially where those adults are cloaked with the authority of the state. Children are often reluctant to report invasions of their bodily integrity. They may fear reprisals by their attackers, they may harbor doubts that their attackers' fellow grownups will display sympathy or willingly credit their accounts, and they all too frequently are paralyzed by the shame that attends subjection to sexual abuse. For these reasons the court finds the conclusions of the court in *Reynolds* to be the better reasoned, and therefore declines to follow the narrower interpretation of the *Harris* "deliberate indifference" standard adopted by the courts in *Jane Doe A., Black,* and *Gates, supra.*

In the instant case, Plaintiffs have adduced evidence that the defendant school district had until the arrest of Charles Morfin in 1990 no policy whatever regarding the reporting of suspected incidents of sexual abuse of students, had never instructed its employees in the techniques of recognizing the warning signs of suspected sexual abuse of students, had never provided its staff with guidelines for dealing with such suspicions. Deposition of Lander County School District Hensley at 20–33, *quoted in* Plaintiff's Opposition to Summary Judgment at 8–9 (Doc. # 55); *see also* Excerpts of Hensley Deposition, appended as Ex. A to Plaintiff's Opposition to Summary Judgment at (Doc. # 55).

It is the judgment of the court that a reasonable jury could find from the evidence in the record on summary judgment that the danger of children being sexually abused at school is so obvious that a school district's failure to take action to prevent sexual abuse of its students by its teachers—even in the absence of actual knowledge of such abuse—constitutes deliberate indifference, especially where the school district took no steps to encourage the reporting of incidents of such abuse.

Therefore the court finds that the defendants have failed to demonstrate the absence of any genuine issues of material fact with respect to the question whether the defendant school district's pre–1990 failure to prevent the sexual molestation of its students was a policy for which the district could be liable under Section 1983, thereby entitling the school district to judgment as a matter of law. That question remains to be resolved by the trier of fact. *Reynolds, id.* at 447.

### III. Plaintiff's State Law Claims

Defendants also seek summary judgment on Plaintiffs' pendent state law claim of civil conspiracy. Plaintiffs have abandoned this claim. Plaintiffs' Opposition to Summary Judgment at 12 (Doc. # 55). The court will therefore grant Defendants' summary judgment motion as to the claim of civil conspiracy. In addition, Plaintiffs have abandoned their claims against Defendant Estes for battery and negligent infliction of emotional distress, and their prayer for punitive damages. Defendants are therefore entitled to judgment on those claims as well.

Defendant Lander County School District moves for summary judgment on Plaintiffs' state law battery claim. It argues that it ought not be held liable for the sexual battery of the minor Plaintiff by its agent Morfin, and cites the familiar rule that employers are not liable for the intentional torts of their agents unless the agent is under the employer's control and acts within the scope of his employment. Defendants cite numerous decisions from the courts of other states for the proposition that sexual assault is not within the scope of a schoolteacher's employment.

 However, this court must, where possible, resolve questions of Nevada law by reference to decisions of this State's Supreme Court. That court's decision in *Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 469 P.2d 399 (1970) appears to settle the question whether an employer is liable under the doctrine of *respondeat superior* for a battery committed by an employee. In that case, a blackjack dealer at the defendant's casino punched a patron. The Nevada Supreme Court held the defendant casino liable, stating,

> [w]here ... the willful tort is committed in the course of the very task assigned to the employee, liability may be extended to the employer. This is particularly true in those cases where the employer, by contract, has entered into some relation requiring him to be responsible for the protection of the plaintiff.

*Id.* (citing *Forrester v. Southern Pacific Ry.*, 36 Nev. 247, 134 P. 753 (1913); *Quigley v. Central Pacific. Ry.*, 11 Nev. 350 (1876)).

This court fails to discern any principled legal distinction between a battery claim against a casino whose blackjack dealer slugs a patron and the same claim against a school district whose teacher fondles a student. In both cases the plaintiff was on the defendant's premises for the purpose of enjoying the defendant's services. In neither case can it reasonably be argued that the employee's duties included acts of common law battery. The school district's motion for summary judgment on the battery claim must accordingly be denied.

 For the identical reason, Defendant Lander County School District's claim of statutory immunity under Nev.Rev.Stat. § 41.03475 must fail. That statute immunizes agencies and political subdivisions of the State from liability for torts committed by state employees acting *outside* the scope of the employee's duties. The rule of *Prell Hotel Corp.*, cited in the preceding paragraphs, would seem to foreclose any argument that Charles Morfin was not acting within the scope of his employment when he abused his authority as a schoolteacher to molest schoolchildren on school property.

 Defendant Lander County School District seek summary judgment on Plaintiffs' claim that the school district negligently hired, retained and supervised Charles Morfin, which negligence resulted in the sexual molestation by Morfin of the minor Plaintiff. The school district invokes the statutory immunity of organs and agents of the state for acts committed in the exercise of official discretion. *See* Nev.Rev.Stat. § 41.032.

The defendant school district apparently misapprehends the scope of that statutory immunity afforded its discretionary functions. Here, the discretionary function was the hiring of Charles Morfin. The school district was not obliged to hire him; it could have hired anyone, or no one. But having made the decision to hire Morfin, the school district assumed the obligation to use due care to ensure that Morfin's employment would not pose an unreasonable threat to the safety of the children in his care. "This is the type of operational function of government not exempt from liability if due care has not been exercised and an injury results. *State v. Webster*, 88 Nev. 690, 504 P.2d 1316, 1319 (1972).

## Conclusion

For the foregoing reasons, IT IS THEREFORE HEREBY ORDERED that Defendants' Motion for Summary Judgment (Doc. # 51) is *GRANTED* with respect to Plaintiffs' First Cause of Action under 42 U.S.C. § 1983 against Defendant Harvey Estes.

*IT IS FURTHER HEREBY ORDERED* that Defendants' Motion for Summary Judgment (Doc. # 51) is *DENIED* with respect to

Plaintiffs' First Cause of Action under 42 U.S.C. § 1983 against Defendant Lander County School District.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***DENIED*** as to Plaintiffs' Third Cause of Action for negligent retention and supervision of Charles Morfin.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***GRANTED*** as to Plaintiffs' Fourth Cause of Action for battery against Defendant Harvey Estes.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***DENIED*** as to Plaintiffs' Fourth Cause of Action for battery against Defendant Lander County School District.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***GRANTED*** as to Plaintiffs' Sixth Cause of Action against Defendant Harvey Estes for negligent infliction of emotional distress.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***GRANTED*** as to Plaintiffs' Seventh Cause of Action against Defendants Estes and Lander County School District for civil conspiracy.

***IT IS FURTHER HEREBY ORDERED*** that Defendants' Motion for Summary Judgment (Doc. # 51) is ***GRANTED*** as to Plaintiffs' prayer for punitive damages.