**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

U-HAUL INTERNATIONAL, INC.; U-HAUL COMPANY OF NEVADA, INC. ("U-HAUL"),
          *Plaintiffs-Appellants,*

              v.

ESTATE OF NATHAN W. ALBRIGHT,
          *Intervenor-Appellee,*

DEBRA WILCHER; STEVEN WAMSER; GREGORY J. KAMER LTD, doing business as Kamer Zucker & Abbott; JENNIFER A. CORY,
          *Defendants-Appellees.*

No. 07-16482

D.C. No.
CV-06-00618-BES

OPINION

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Argued and Submitted
November 2, 2010—San Francisco, California

Filed November 22, 2010

Before: Alex Kozinski, Chief Judge, Pamela Ann Rymer,
Circuit Judge and David G. Trager, District Judge.*

Per Curiam Opinion

---

*The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

18663

## COUNSEL

Gary L. Birnbaum and Scot L. Claus (argued), Mariscal, Weeks, McIntyre & Friedlander, Phoenix, Arizona, and Dennis L. Kennedy and Kimberly McGhee, Bailey Kennedy, Las Vegas, Nevada, for the appellants.

Gregory A. Brower, United States Attorney and Roger W. Wenthe (argued), Assistant United States Attorney, Las Vegas, Nevada; Leland Eugene Backus (argued) and Marc S. Cwik, Backus & Carranza, Las Vegas, Nevada; Nathan R.

Reinmiller (argued) and Nathan D. Severson, Alverson, Taylor, Mortensen & Sanders, Las Vegas, Nevada; and Norman H. Kirshman (argued), Las Vegas, Nevada, for the appellees.

## OPINION

PER CURIAM:

Nathan Albright and Steven Wamser acted as counsel for the National Labor Relations Board in an action against U-Haul. U-Haul sued Albright and Wamser, alleging that they improperly obtained privileged information and used it against U-Haul during the proceedings. The United States Attorney for Nevada certified under the Westfall Act, 28 U.S.C. § 2679(d), that Wamser was acting within the course and scope of his employment at the time of the alleged conduct. Accordingly, the United States Attorney filed a notice of removal and sought to substitute the United States as the defendant for Wamser. The government then moved to dismiss the claims against Wamser, in part because U-Haul had failed to exhaust its claims as required by the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2675(a). U-Haul challenged Wamser's certification and opposed the government's motion to dismiss.

The district court upheld Wamser's certification and went on sua sponte to substitute the United States as a defendant for Albright, even though the government never certified Albright or intervened on his behalf. The district judge concluded that Albright was acting within his scope of employment pursuant to Nevada's law of respondeat superior. *See* Nev. Rev. Stat. § 41.745. Having substituted the United States for both Wamser and Albright, the district court granted the government's motion to dismiss. It held that U-Haul's failure to exhaust under the FTCA deprived the court of subject matter jurisdiction over the action against the United States,

Wamser and Albright. 28 U.S.C. § 2675(a). U-Haul appeals and we review de novo. *See Kashin* v. *Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006).

**[1]** When the Attorney General refuses to certify a federal employee under the Westfall Act, the employee may petition the court for certification. *See* 28 U.S.C. § 2679(d)(3); *Kashin*, 457 F.3d at 1037. But "[t]he Attorney General's decision regarding scope of employment certification is *conclusive unless challenged.*" *Green* v. *Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (emphasis added); *see also Gutierrez de Martinez* v. *Lamagno*, 515 U.S. 417, 423-24 (1995). Because Albright never petitioned the district court to review the decision not to certify him, the Attorney General's decision is "conclusive."

**[2]** The Westfall Act doesn't empower the district court sua sponte to abrogate the federal government's sovereign immunity and subject it to the risk of liability. Reading the Act otherwise would have serious implications for the separation of powers. And, by failing to provide U-Haul and the United States with any opportunity to oppose Albright's substitution, the district court denied those parties due process. *See Wong* v. *Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). We therefore conclude that the district court erred in substituting the United States for Albright.

**[3]** The district court did not err, however, in upholding the Attorney General's certification that Wamser was acting within the scope of his employment. Under the Westfall Act, "certification is 'prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident.' " *Pauly* v. *U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (per curiam) (quoting *Billings* v. *United States*, 57 F.3d 797, 800 (9th Cir. 1995)). U-Haul did not rebut the presumption created by the certification, and in seeking to sever certain claims against Wamser, even conceded that aspects of his conduct were likely certified prop-

erly. The district judge didn't err in holding that Wamser's alleged misconduct was "committed in the course of the very task assigned to the employee, namely the prosecution of the case." *See* Nev. Rev. Stat. § 41.745; *Prell Hotel Corp.* v. *Antonacci*, 469 P.2d 399, 400-01 (Nev. 1970). U-Haul argues that it should have been able to present evidence that Wamser was not acting within the scope of his employment. But the district judge didn't abuse his discretion in refusing to grant U-Haul an evidentiary hearing, since he upheld Wamser's certification while assuming all of U-Haul's allegations to be true. *See McLachlan* v. *Bell*, 261 F.3d 908, 910-11 (9th Cir. 2001).

\* \* \*

**[4]** We remand for proceedings consistent with this decision. The district court shall reinstate U-Haul's claims against Albright. The district court shall also reinstate the claims against the other defendants, Debra Wilcher and Kamer, Zucker & Abbott, because the district court dismissed those claims under the mistaken belief that it lacked subject matter jurisdiction over Albright under the FTCA. The district court may then decide whether to exercise supplemental jurisdiction over the remaining claims.

**AFFIRMED in part, REVERSED in part and REMANDED. No costs.**