NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRENCE WHITCOMB, an individual, | No. 23-55723 |
| Plaintiff-Appellant, | D.C. No. 3:23-cv-00019-L-KSC |
| v. | |
| JANA MOSER, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted September 13, 2024[**]
Pasadena, California

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER,[***] District Judge.

Terrence Whitcomb appeals the district court's dismissal of his defamation suit against federal employee Jana Moser. We review the district court's dismissal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

for lack of subject matter jurisdiction de novo, *Leuthauser v. United States*, 71 F.4th 1189, 1193 (9th Cir. 2023), and its determinations as to jurisdictional discovery and evidentiary hearings for abuse of discretion, *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023); *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in affirming the Government's scope of employment certification. Applying California law, *see Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017), the allegedly defamatory statements here were within the scope of Moser's employment, because she made them during an interview as part of a workplace investigation into sexual harassment, *see Fowler v. Howell*, 50 Cal. Rptr. 2d 484, 487 (Ct. App. 1996) ("[A]n employee who has been encouraged to complain and provided a procedure to complain of sexual harassment by a coworker acts within 'the scope of [her] employment' by making such complaint." (quoting Cal. Gov't Code § 950.2)).

Even accepting that Whitcomb's claims are based solely on statements that Moser made to coworkers other than the interviewer, which is not supported by the Complaint, those statements were also broadly incidental to her employment under California respondeat superior doctrine. *See McLachlan*, 261 F.3d at 912 (applying California law and holding that even "willful and malicious defamation" in the workplace may be within the scope of employment); *Jacobus v. Krambo*

*Corp.*, 93 Cal. Rptr. 2d 425, 431 (Ct. App. 2000) ("[T]he risk that one worker may accuse another of sexual harassment to deflect an adverse performance review is a risk inherent in employment, analogous to the risk . . . that one worker may assault another in a job-related dispute.").

2. The district court did not abuse its discretion in declining to allow discovery or conduct additional proceedings. *See Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995) (holding that in reviewing certification under the Westfall Act, a district court "should hold such hearings as appropriate"). To warrant an evidentiary hearing, the complaint itself must sufficiently allege that the defendant acted outside the scope of employment. *See Saleh*, 848 F.3d at 892; *U-Haul Int'l, Inc. v. Est. of Albright*, 626 F.3d 498, 501 (9th Cir. 2010) (per curiam). Here, the district court properly construed the allegations in the complaint as true and based its conclusion solely on Whitcomb's allegations. Whitcomb has not identified, either before the district court or on appeal, any disputes of fact that need to be resolved to address whether Moser was acting within the scope of her employment. *See Yamashita*, 62 F.4th at 507 (explaining that jurisdictional discovery is unwarranted when there are no controverted, pertinent facts bearing on jurisdiction).[1]

---

[1] Moser does not challenge the district court's denial of leave to amend on appeal. *See Patel v. City of Los Angeles*, 72 F.4th 1103, 1106 n.5 (9th Cir. 2023)

**AFFIRMED.**

---

("[Plaintiffs] do not argue 'specifically and distinctly' that the district court abused its discretion by denying leave to amend, so we do not review that issue." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))).