Ivy KENNEDY, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE, Marvin Runyon, Postmaster General, Defendants–Appellees.

No. 97–35375.

United States Court of Appeals, Ninth Circuit.

Argued May 4, 1998.

Decided May 28, 1998.

Marybeth Wosko, Portland, Oregon, for the plaintiff-appellant.

Herbert C. Sunby, Assistant U.S. Attorney, Portland, Oregon, for the defendants-appellees.

Before: SKOPIL, HAWKINS and THOMAS, Circuit Judges.

PER CURIAM.

This appeal presents the question of whether a non-preference eligible postal worker may sue for employment-related torts under the Federal Tort Claims Act ("FTCA"). We hold that her claims are precluded by the Postal Reorganization Act ("PRA") and the Civil Service Reform Act ("CSRA").

Ivy Kennedy, an occupational health nurse, alleges that her supervisor at the United States Postal Service destroyed and altered medical records. She complained about this

activity and was allegedly fired as a result. Upon exhaustion of her administrative remedies, as required under the FTCA, she filed an FTCA action against Marvin Runyon, in his official capacity as Postmaster General, and the United States Postal Service ("Postal Service").

 Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the Postal Service and Runyon. The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name. *See* 28 U.S.C. § 2679(a) (1998). A claim against the United States Postal Service in its own name is not a claim against the United States. *See Continental Cablevision v. United States Postal Serv.*, 945 F.2d 1434, 1440 (8th Cir.1991). Because the plaintiff brought an FTCA action against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants.

■ The district court also correctly concluded that an amendment to substitute the United States as the defendant would be futile. Employment relations within the Postal Service are generally governed by the provisions of the PRA, 39 U.S.C. §§ 1001–11 (1998). One section of the PRA provides, however, that the provisions of Chapter 75 of the CSRA, 5 U.S.C. §§ 7501–43 (1998), relating to adverse employment actions apply to Postal Service employees. *See* 39 U.S.C. § 1005(a)(1).

■ Federal employees alleging employment-related tort claims subject to the CSRA may not bring an action under the FTCA. *See Saul v. United States*, 928 F.2d 829, 841–42 (9th Cir.1991); *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir.1991). This is true "even where a particular litigant does not have a remedy available under the statutory scheme." *Pereira v. United States Postal Service*, 964 F.2d 873, 876 (9th Cir.1992) (quoting *Pipkin v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir.1991)). Because the relevant provisions of the CSRA and the PRA constitute a comprehensive

scheme governing employment relations, employment-related tort actions under the FTCA are precluded. *See American Postal Workers Union, AFL–CIO v. United States Postal Serv.*, 940 F.2d 704, 708–09 (D.C.Cir. 1991). Thus, any amendment to the complaint would be futile. Accordingly, we affirm the judgment of the district court.