Richard A. REECE, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 00–16719.

D.C. No. CV–99–01937–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Richard A. Reece appeals pro se the district court's judgment dismissing his action alleging that the United States inducted him into the Army because he was mentally retarded, denied him adequate medical care while he was enlisted, and subjected him to non-consensual experimentation before and during his military service. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a claim is barred by *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (per curiam). We also review de novo a dismissal for lack of subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"). *Marlys Bear Med. v. United*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Reece's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**618**

*States,* 241 F.3d 1208, 1213 (9th Cir.2001). We affirm.

Reece's claims related to his military service were properly dismissed under *Feres,* which bars all suits alleging "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. 153; *see Gerardi v. United States,* 408 F.2d 492 (9th Cir.1969) (per curiam) (wrongful induction); *Jackson v. United States,* 110 F.3d 1484, 1489 (9th Cir.1997) (inadequate medical care); *United States v. Stanley,* 483 U.S. 669, 671–72, 683–84, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) (nonconsensual experimentation during military service).

Reece's constitutional claim against the United States premised on experimental radiation injections prior to military service is barred by sovereign immunity. *See Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1985). Any FTCA claim premised upon this experimentation is barred by the FTCA statute of limitations, 28 U.S .C. § 2401(b). *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983).

Because all of Reece's claims are precluded as a matter of law, the district court properly denied leave to amend as futile. *See Kennedy v. United States Postal Serv.,* 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam).

Reece's remaining contentions are without merit.

AFFIRMED.