Martha TIMMER, Plaintiff—Appellant,

v.

John E. POTTER, Defendant—
Appellee.

No. 05–16077.

D.C. No. CV–04–01458–ECV.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 23, 2006.

Martha Timmer, Phoenix, AZ, pro se.

Arthur G. Garcia, Asst. U.S. Atty., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM***

Martha Timmer appeals pro se from the district court's judgment dismissing her action alleging she was defamed by an employee of the United States Postal Service ("USPS"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination that it lacks subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"). *O'Toole v. United States,* 295 F.3d 1029, 1032 (9th Cir.2002). We affirm.

The district court properly concluded that the USPS manager acted within the scope of his employment in preparing an investigatory report, *see State of Arizona v. Schallock,* 189 Ariz. 250, 941 P.2d 1275, 1281 (1997), and consequently Timmer's only remedy was an action against the United States under the FTCA, *see Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam) ("The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name."). The district court properly dismissed this action for lack of subject matter jurisdiction, because the intentional torts of libel and slander are exceptions to the FTCA's limited waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *McLachlan v. Bell,* 261 F.3d 908, 912 (9th Cir.2001).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.