Blake **GRANTHAM**, Plaintiff,

v.

Tomineil **DURANT**, et al., Defendants.

No. 2:06–CV–00962–PMP(PAL).

United States District Court,
D. Nevada.

Nov. 28, 2006.

Ty Kehoe, Ty E. Kehoe, Kehoe & Associates, Henderson, NV, for Blake Grantham, Plaintiff.

Ruth L. Cohen, U.S. Attorney's Office, Las Vegas, NV, for Tomineil Durant, Kay Wilson, Escarlet Espinoza, Brenda Green, John Ischer, United States of America, Defendants.

## ORDER

PRO, Chief Judge.

Presently before the Court is Federal Defendant's Motion to Dismiss (Doc. # 3), filed on August 9, 2006. Plaintiff filed an Opposition to Federal Defendant's Motion to Dismiss and Countermotion to Dismiss the United States as a Defendant and Remand the Case to State Court (Doc. # 6) on August 28, 2006. The United States of America filed a Reply on the motion to dismiss and an opposition to Plaintiff's countermotion (Doc. # 7) on September 11, 2006. Plaintiff filed a Reply on his countermotion (Doc. # 8) on September 22, 2006.

## I. BACKGROUND

Plaintiff Blake Grantham works for the United States Postal Service ("USPS"). (Notice of Removal [Doc. # 1], Ex. A ("Compl.") at ¶ 8.) Defendants Tomineil (Christina) Durant ("Durant"), Kay Wilson ("Wilson"), Escarlet Espinoza ("Espinoza"), Brenda Green ("Green"), and John Ischer ("Ischer") also work for the USPS.

(*Id.*) According to the Complaint, Defendants conspired to defame Plaintiff by falsely accusing him of sexually harassing Durant. (*Id.* at ¶¶ 9–78.) Plaintiff alleges Defendants did so in retaliation for his comments that Defendants were "casual" employees of the USPS, to which Defendants allegedly took offense. (*Id.*) As a result of the allegedly false sexual harassment accusations, the USPS temporarily terminated Plaintiff without pay, then reinstated him but transferred him to another substation. (*Id.* at ¶¶ 45–46.) Plaintiff asserts claims for slander, civil conspiracy to commit slander, fraud, and conspiracy to commit fraud. (*Id.* at ¶¶ 51–78.)

Plaintiff filed the Complaint in state court against Durant, Wilson, Espinoza, Green, and Ischer. (*Id.*) The United States of America, which is not a named Defendant, removed the action to this Court. (Notice of Removal.) The United States contends it is the proper Defendant and this action is removable to federal court under 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act ("FTCA"). The FTCA generally provides that district courts have jurisdiction over civil actions against the United States for money damages claims where a government employee acting within the scope of his office or employment caused harm under circumstances where the United States, if a private person, would be liable under the relevant state law. The Attorney General has certified that each Defendant employee was acting within the scope of his or her office or employment at the time of the incidents out of which Plaintiff's claims arise. (Notice of Removal, Exs. B–F.)

The United States now moves to dismiss this action, arguing the Court should dismiss all claims against the individual Defendants because the United States is the only proper defendant under the FTCA. The United States also argues the Court

should dismiss Plaintiff's claims against the United States because Plaintiff has failed to file an administrative claim prior to filing suit; Plaintiff's slander, conspiracy, and fraud claims are specifically barred under the FTCA; Plaintiff failed to serve the United States; and Plaintiff's "Doe" pleading is improper in federal court. The United States requests the Court dismiss with prejudice, asserting Plaintiff cannot cure these defects through amendment.

Plaintiff responds by opposing the motion and countermoving the Court to strike the United States as a party and remand the action to state court. Plaintiff argues the FTCA applies only if the individual Defendants were acting within the scope of their office and employment. Plaintiff argues the Complaint's allegations establish Defendants were acting on their own and for their own purposes when they conspired to make false sexual harassment allegations. Alternatively, Plaintiff requests discovery on the issue of scope of employment.

## II. LEGAL STANDARD

■■ In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). The issue is not whether the plaintiff ulti-

mately will prevail, but whether he may offer evidence in support of his claims. *See id.* at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Consequently, the Court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995).

■■ The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. *See Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99). All the Rules require is a "short and plain statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 1481 (citations and internal quotations omitted). A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *See United States v. Howell,* 318 F.2d 162, 166 (9th Cir.1963).

## III. DISCUSSION

■■ Through the FTCA, the United States has waived its sovereign immunity for injuries arising from its employees' tortious acts or omissions. *Cervantes v. United States,* 330 F.3d 1186, 1188 (9th Cir.2003); 28 U.S.C. §§ 1346(b), 2671–80.[1] The FTCA's tort remedies in 28 U.S.C. § 1346(b) and § 2672 are the exclusive remedies for injuries arising out of a Gov-

---

1. These provisions apply to the USPS. 39 U.S.C. § 409(c).

ernment employee's negligence or wrongful conduct committed while the employee was acting within the scope of his office or employment. 28 U.S.C. § 2679(a), (b). Consequently, if the individual Defendants were acting within the scope of their employment, the FTCA would provide Plaintiff's exclusive remedy.

When a plaintiff brings an action against a federal employee, the Attorney General may certify the defendant employee was acting within the scope of his employment at the time of the incident out of which the claim arises. 28 U.S.C. § 2679(d). Upon certification, the Attorney General must remove any such claim from state court to federal district court, and the action from that point on is deemed to be against the United States and the United States is substituted as the party defendant. 28 U.S.C. § 2679(d)(2). The Attorney General's certification "conclusively establish[es] scope of office or employment for purposes of removal." *Id.*

 A plaintiff may challenge the Attorney General's certification after removal and move for remand. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir.1996). The Attorney General's certification that a government employee was acting within the scope of his employment is subject to de novo review by the Court. *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 875 (9th Cir. 1992); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). Because § 2679(d) makes the Attorney General's certification conclusive unless challenged, "the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green*, 8 F.3d at 698.

 The Court reviews FTCA scope of employment determinations according to the principles of respondeat superior of the state in which the alleged tort occurred. *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir.2001). The parties agree Nevada respondeat superior law applies in this case. Under Nevada law, whether an employee was acting within the scope of his or her employment for the purposes of respondeat superior liability generally is a question of fact. *Evans v. Southwest Gas Corp.*, 108 Nev. 1002, 842 P.2d 719, 721 (1992), *overruled on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (2001). "However, where undisputed evidence exists concerning the employee's status at the time of the tortious act, the issue may be resolved as a matter of law." *Id.*

In Nevada, an employer is not liable for its employee's intentional conduct if the employee's conduct:

(a) Was a truly independent venture of the employee;

(b) Was not committed in the course of the very task assigned to the employee; and

(c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his employment.

Nev.Rev.Stat. § 41.745(1). An employee's intentional act is reasonably foreseeable "if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." *Id.*

Nevada has found respondeat superior liability where a blackjack dealer punched a player in response to the player's derogatory comment because the altercation occurred within the scope of the very tasks assigned to the employee, dealing blackjack. *Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 469 P.2d 399, 400 (1970). In

contrast, Nevada found no respondeat superior liability where a janitor sexually assaulted a grocery store employee because the janitor was not acting on the employer's behalf, did not commit the assault in the course of his assigned tasks, and the sexual assault was not reasonably foreseeable. *Wood v. Safeway, Inc.,* 121 Nev. 724, 121 P.3d 1026, 1036 (2005).

Here, the individual Defendants were acting within the scope of employment as a matter of law. The Attorney General has certified the individual Defendants were acting in the scope of their employment when they reported the allegedly false sexual harassment charges to USPS management. Plaintiff has presented no evidence in rebuttal. Plaintiff therefore has failed to meet his burden of establishing by a preponderance of the evidence that the certification decision was incorrect.

Furthermore, the Complaint's allegations establish Defendants were acting within the scope of their employment. Plaintiff alleges Defendant Wilson falsely told USPS management that Plaintiff sexually harassed Defendant Durant. (Compl. at ¶ 13.) Plaintiff further alleges USPS then conducted an investigation during which USPS interviewed Defendants Durant, Wilson, Espinoza, Green, and Ischer. (*Id.* at ¶ 14.) Plaintiff alleges that during these interviews, Defendants falsely told USPS management that Plaintiff sexually harassed Durant. (*Id.* at ¶¶ 15, 22, 31, 32, 37, 38, 41, 42.) According to the Complaint, USPS prepared a report and subsequently disciplined Plaintiff based on these interviews. (*Id.* at ¶¶ 43–46.)

Reporting sexual harassment in the workplace is not an independent venture of the employee and is committed in the course of the very task assigned to the employee. It is in an employer's interest that its employees report sexual harassment and cooperate with investigations of sexual harassment to maintain a professional business environment and to avoid potential civil liability. It is reasonably foreseeable that in investigations of charges of harassment or discrimination, employees might not tell the truth and may use the anti-discrimination laws or the employer's anti-harassment policies to retaliate against co-employees for other, unrelated conflicts in the workplace. A person of ordinary intelligence and prudence reasonably could anticipate employees making slanderous remarks about another employee during a workplace dispute investigation. Because the alleged conduct falls within Defendants' scope of employment, the Court will uphold the Attorney General's certification decisions.

The Court also will decline to order further discovery on this point. Plaintiff's allegations in the Complaint establish Defendants were acting within the scope of their employment and further discovery therefore would not aid in clarifying this matter. Because the individual Defendants were acting within the scope of their employment, the FTCA applies. The United States is substituted as the named Defendant in this action and the individual Defendants will be dismissed. *See Kennedy v. United States Postal Serv.,* 145 F.3d 1077, 1078 (9th Cir.1998) (noting the United States is "the only proper party defendant in an FTCA action").

The Court also will dismiss this action against the United States. A plaintiff may not bring an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This requirement is "jurisdictional in nature and may not be waived." *Jerves v. United States,* 966 F.2d 517, 519 (9th Cir.1992) (quotation omitted).

■ The Complaint does not allege Plaintiff first presented his tort claims to the USPS and Plaintiff has presented no evidence or argument he has done so. Because exhaustion of his administrative claim is a jurisdictional prerequisite to suit, the Court will dismiss Plaintiff's claims against the United States for lack of jurisdiction.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Federal Defendant's Motion to Dismiss (Doc. # 3) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Countermotion to Dismiss the United States as a Defendant and Remand the Case to State Court (Doc. # 6) is hereby DENIED.

IT IS FURTHER ORDERED this action is hereby DISMISSED for lack of jurisdiction.