Mavion O. MOORE, Jr., Plaintiff,

v.

John E. POTTER, et al., Defendants.

Civil Action No. 2:07cv405.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 21, 2009.

Mavion O. Moore, Jr., Norfolk, VA, pro se.

Virginia Lynn Van Valkenburg, United States Attorney Office, Norfolk, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RAYMOND A. JACKSON, District Judge.

This matter is before the Court on a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment pursuant to Rule 56(c), filed by Defendants John E. Potter, Postmaster General, United States Postal Service ("USPS"); Denise Santiago; and Sandra Jones ("Defendants").[1] Having carefully reviewed the parties' pleadings, the Court finds these matters ripe for judicial determination. For the reasons below, Defendants' Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant Potter is the Postmaster General of the USPS. (Pl's More Def. Statement, 9.) Defendants Santiago and Jones are employees of the USPS. (Pl's More Def. Statement, 9.) Spriggins is a contractor for the USPS. (Spriggins Resp., 1; Defs' Mem. Supp.2d Mot. Dismiss, 1 n. 1.) All Defendants are sued only in their official capacities as agents of the USPS. (Pl's More Def. Statement, 9.) Plaintiff is also an employee of the USPS. (Pl's More Def. Statement, 1.)

Plaintiff has been employed by the USPS for approximately 28 years as a Flat Sorter Machine Operator. (Pl's More Def. Statement, 1, 4.) Since 2003, Plaintiff has experienced a number of medical problems, including a hernia, a rotator-cuff injury, carpal tunnel syndrome, trigger fingers, bilateral hand tenosynovitis, and rheumatoid arthritis. (Pl's More Def. Statement, 1.) Plaintiff was assigned light duty work in April 2005 as a result of some of these medical issues. (Pl's More Def. Statement, 5; Defs' Mem. Supp.2d Mot. Dismiss, 4 n. 3.)

In March 2006, Plaintiff informed Santiago, his supervisor, that he could not perform his assignments and furnished medical certification. (Pl's More Def. Statement, 5.) Santiago offered Plaintiff another limited-duty assignment, which Plaintiff rejected because he believed that he could not perform those tasks and that he was unable to work at all. (Pl's More Def. Statement, 5; Defs' Mem. Supp.2d Mot. Dismiss, 5.) At that time, Santiago informed Plaintiff that there was no other

---

**1.** Defendant Lisa Spriggins is the only other defendant remaining in this case. She did not receive actual notice of this case until she was re-served on October 20, 2008. She did not join the other Defendants' Motion, which was filed September 23, 2008. However, she filed a response on November 13, 2008, stat-ing that she is "in support of the Second Motion to Dismiss, or in the alternative, Motion for Summary Judgment," that she "assert[s] and argue[s] the same," and that she should be dismissed. The Court will liberally construe this *pro se* litigant's request and allow her to join this dispositive motion.

work for him and sent him home. (Pl's More Def. Statement, 5–6; Defs' Mem. Supp.2d Mot. Dismiss, 5.) Plaintiff alleges that Santiago said that Plaintiff would continue to be paid while at home, while Defendants allege that Santiago told him that he would not be paid. (Pl's More Def. Statement, 5–6; Defs' Mem. Supp.2d Mot. Dismiss, 5.) Plaintiff left work and remained away for several days, during which he was not paid. (Pl's More Def. Statement, 6; Defs' Mem. Supp.2d Mot. Dismiss, 6.) Plaintiff states that he reported to work the next day, but that Santiago informed him that there was no work for him, and that Jones told him that he would not be paid and forced him to fill out a form to get paid through workers' compensation. (Pl's More Def. Statement, 6; Pl's Untitled Doc., 6.)

In late March 2006, Plaintiff was offered another limited-duty position, which he accepted and continued in until Spring 2008. (Pl's More Def. Statement, 7.) Plaintiff further alleges that in May 2006, he was directed to attend a Functional Capacity Examination, which required him to be absent from work for 10 days without pay. (Pl's More Def. Statement, 7.)

On June 17, 2006, Plaintiff filed an administrative claim with the United States Equal Employment Opportunity Commission ("EEOC"), claiming disability discrimination. His claim was denied by an Administrative Judge on May 22, 2007, who found that Plaintiff failed to prove a *prima facie* case of discrimination, specifically, that Plaintiff was not subjected to adverse action under the circumstances giving rise to disability discrimination. (Defs' Mem. Supp.2d Mot. Dismiss, 6, Ex. 6.) On June 7, 2007, the EEOC sent out a Notice of Final Action, notifying Plaintiff that he had 90 days from receipt of said Notice to file a civil action in the appropriate United States District Court. (Defs' Mem. Supp.2d Mot. Dismiss, 7, Ex. 7.)

On September 12, 2007, Plaintiff filed a *pro se* Complaint, alleging disability discrimination. Defendants were served in March 2008. On April 14, 2008, Defendants filed a Motion for a More Definite Statement. On April 25, 2008, Plaintiff filed a handwritten, untitled document, which elaborated and expanded on the original Complaint. On May 23, 2008, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. The Court granted the Motion for a More Definite Statement on June 23, 2008, which Plaintiff filed on August 11, 2008. Defendants filed an amended Motion to Dismiss, or in the alternative, Motion for Summary Judgment on September 23, 2008, and Plaintiff replied on November 17, 2008.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers,* 762 F.2d 30, 31 (4th Cir.1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller,* 415 F.2d 354, 354 (4th Cir.1969).

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir.2001) (citing *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir.1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law.")).

In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Any such affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e).

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, a *pro se* complaint must be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nevertheless, "principles requiring generous construction of *pro se* complaints are not ... without lim-

its." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Courts are not required "to conjure up questions never squarely presented to them." *Id.* Therefore, courts must carefully balance these competing principles when reviewing *pro se* complaints.

## III. DISCUSSION

Plaintiff's More Definite Statement clarified that his claims are based on the Postal Service's failure to compensate Plaintiff and to provide a reasonable accommodation, and that such claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the Veterans Preference Act of 1944, codified throughout Titles 5 and 38 of the United States Code, and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

As an initial matter, the Court construes this claim as arising under the Rehabilitation Act only. The Court finds that the FTCA is not applicable, because employment controversies within the Postal Service are generally governed by the Postal Reorganization Act, 39 U.S.C. § 1001 *et seq.*, which preempts a postal employee's tort-based claim under the FTCA. *See, e.g., Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Kroll v. United States*, 58 F.3d 1087, 1092 (6th Cir.1995). Likewise, the ADA does not apply to federal agencies, as an "employer" under the statute does not include the United States or a corporation owned entirely by the federal government. *See* 42 U.S.C. § 12111(5)(B)(i); *Webster v. Henderson*, 32 Fed.Appx. 36, 41 (4th Cir. 2002) (holding that the USPS is not subject to the ADA).

Furthermore, the Veterans Preference Act was enacted to give wartime and disabled veterans preferential consider-

ation for certain jobs and for retention in the event of a reduction in force, and it has no bearing on the facts of this case. Courts have held that this Act only applies to initial appointments or terminations in the event of a reduction in force, and does not apply to internal promotions, transfers, or reassignment. *See, e.g., Glenn v. United States Postal Serv.*, 939 F.2d 1516, 1523 (11th Cir.1991). The Act also grants a preference eligible employee certain protections against adverse actions taken by a government employer, namely, removal, suspension for more than 14 days, reduction in pay or grade, or a furlough of 30 days or less. 5 U.S.C. §§ 7511–7514. Plaintiff's claims do no relate to any initial appointment or termination or an adverse action as defined by § 7511. Moreover, the remedies for violations of the Veterans Preference Act are administrative in nature; the employee must file an appeal with the Merit Systems Protection Board. *See, e.g., Galvin v. F.D.I.C.*, No. 94–20522, 1995 WL 84520, at *4–5 (5th Cir. Feb. 16, 1995) (rejecting plaintiff's claim under the Veterans Preference Act because statutory remedies are "the exclusive mode of redress"). There is no evidence that Plaintiff has filed any appeal with the Merit Systems Protection Board. Accordingly, this claim is construed as arising under the Rehabilitation Act.

Defendants argue that Plaintiff's case should be dismissed because none of the named individuals are proper defendants in his action, because Plaintiff failed to respond to the first motion to dismiss, because Plaintiff's civil action is untimely, and because Plaintiff's claims are not judicially reviewable and are limited to administrative remedies. Additionally, Defendants argue they are entitled to summary judgment because Plaintiff has failed to establish a *prima facie* case for disability discrimination and because the Postal Ser-

vice had legitimate and nondiscriminatory reasons for its actions.

## A. Motion to Dismiss

Defendants argue that none of the named individuals in the Complaint are proper defendants in this action. (Defs' Mem. Supp.2d Mot. Dismiss, 7.) The one-page Complaint does not state any allegations against Defendants Santiago or Jones in their individual capacities, but instead merely lists them as Defendants. In the More Definite Statement, Plaintiff only mentions their names in the factual section, as they interacted with Plaintiff in their official capacities with the USPS. In fact, Plaintiff acknowledges that "wherever any individuals are named, they are named as 'defendants' only in their capacity as agents for Defendant USPS." (Pl's More Def. Statement, 9.)

■ The proper defendant in an action brought against a government agency is "the United States, the agency by its proper title, or the appropriate officer." 5 U.S.C. § 703. Furthermore, a federal employee bringing a discrimination claim may name as a defendant only the head of the department, agency, or unit. *See* 42 U.S.C. § 2000e–16(c). Accordingly, the only remaining Defendant is John E. Potter, Postmaster General, as the appropriate officer of the USPS, in his official capacity. Santiago, Jones, and Spriggins are **DISMISSED** from this case.

Defendants also claim that this case should be dismissed because Plaintiff failed to timely respond to the original Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Defs' Mem. Supp.2d Mot. Dismiss, 8.) The Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on May 23, 2008. That same day, Defendants also filed the required Roseboro Notice, advising Plaintiff that a re-

sponse must be filed within twenty (20) days. However, Plaintiff did not file any response or any request for an extension.

■ The Court finds that this *pro se* Plaintiff did respond to the Court's Order dated June 23, 2008, which required Plaintiff to file a More Definite Statement. Plaintiff also responded to Defendants' amended Motion to Dismiss, or in the alternative, Motion for Summary Judgment which was filed on September 23, 2008. The Court will not dismiss this case on the ground that the *pro se* Plaintiff did not respond to a motion, when such motion was later amended and Plaintiff responded to the amended motion.

Defendants also maintain that Plaintiff's case must be dismissed because it was not timely filed. The EEOC sent out the Final Notice of its decision on June 7, 2007, advising Plaintiff that he had 90 days from the receipt of such decision to file a civil action in the appropriate United States District Court. Assuming the 5 days given for mailing under the EEOC system, the Complaint should have been filed on or before September 10, 2007. Since Plaintiff did not file the Complaint until September 12, 2007, Defendants argue that the case should be dismissed. (Defs' Mem. Supp.2d Mot. Dismiss, 19.)

■ The Court finds that Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on September 7, 2007. The Court granted this Motion on September 12, 2007, and Plaintiff filed his Complaint that same day. The only reason that the Plaintiff's Complaint was untimely filed by two days is because the Court had not yet responded to Plaintiff's Motion. "[A] litigant should not be forced to suffer the consequences of administrative or judicial delay associated with a court's consideration of an *in forma pauperis* petition." *Marsteller v. Alex.Brown & Sons, Inc.,* No. Civ. 3:95cv147, 1995 WL 795679, at *3

n. 9 (E.D.Va. May 11, 1995) (stating that where plaintiff files the *in forma pauperis* motion within the limitations period, and the court grants the motion after such period has expired, and the plaintiff files the complaint shortly thereafter, the timely *in forma pauperis* motion would be sufficient to toll the limitations period). Accordingly, the Court finds that equitable tolling will excuse the Plaintiff's untimely Complaint.

Finally, Defendants argue that this case should be dismissed because Plaintiff is limited to administrative remedies. (Defs' Mem. Supp.2d Mot. Dismiss, 8.) According to the Defendants, the Complaint should be interpreted as alleging that Plaintiff was wrongfully denied compensation once he went home, and such claim falls under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8102, *et seq.,* which establishes a comprehensive compensation scheme and a remedy that is exclusively administrative. (Defs' Mem. Supp.2d Mot. Dismiss, 8.)

The Court does not agree with this interpretation of the Complaint. While Plaintiff does allege that he was wrongfully denied compensation, he also argues that Defendants failed to provide a reasonable accommodation to Plaintiff's disabilities and discriminated against him on the basis of disability. (Pl's More Def. Statement, 7–9.) Specifically, Plaintiff alleges that Defendants failed to provide suitable alternative work and have treated Plaintiff less favorably than similarly situated employees, who have been accommodated more favorably. (Pl's More Def. Statement, 7.) Furthermore, the relief requested is not limited to compensation; Plaintiff also seeks injunctive relief, namely that Defendants make a reasonable accommodation and restore Plaintiff to a full-time position. (Pls' More Def. Statement, 9.) Therefore, the Court does not find that

Plaintiff is limited to administrative remedies and will not dismiss the case on that ground.

### B. Motion for Summary Judgment

Defendants argue that summary judgment is appropriate because Plaintiff has failed to establish a *prima facie* case of disability discrimination, and because the Postal Service had legitimate, non-discriminatory reasons for its actions. (Defs' Mem. Supp.2d Mot. Dismiss, 13.)

The Rehabilitation Act prohibits discrimination by recipients of federal funding, including agencies or departments of the federal government, against certain disabled individuals. 29 U.S.C. § 794(a). The Act also requires employers to make reasonable accommodations in order for the employee to perform the essential functions of his work. *Webster*, 32 Fed. Appx. at 41.

■ To evaluate a claim of employment discrimination under the Rehabilitation Act, the Court employs the *McDonnell Douglas* framework. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir.2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). The plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). The plaintiff must prove that: (1) he is disabled, (2) he is "otherwise qualified" for the job and performing it to the defendant's legitimate expectations, (3) he was subject to an adverse employment action, and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Webster*, 32 Fed.Appx. at 41. If the plaintiff meets this burden, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminato-

ry explanation which could support a finding that the employment action was not motivated solely by discrimination. *Hawkins*, 203 F.3d at 278. If the defendant meets this burden of production, the burden shifts back to the employee to show that the proffered reason was a pretext for illegal discrimination. The plaintiff must then prove that he has been the victim of intentional discrimination. *Id.*

### C. Prima Facie Case

Defendants argue that Plaintiff cannot establish a *prima facie* case because (1) Plaintiff is not disabled or regarded as disabled, (2) there was no adverse action taken by the Postal Service, and (3) there were no circumstances that raise an inference of discrimination, as there were no similarly situated employees that were treated differently. (Defs' Mem. Supp.2d Mot. Dismiss, 13–17.)

■ Without determining whether Plaintiff is disabled, the Court finds that there was neither an adverse action taken by the Postal Service, nor were there any circumstances raising an inference of discrimination. Plaintiff was presented with a modified job offer, which he refused to accept. On the Offer of Modified Assignment form, Plaintiff indicated that he rejected the offer and offered as an explanation only "pain in shoulder and hands and pain in abdomen," but failed to state which of the modified duties he could not perform or which of the physical requirements were unacceptable. (Defs' Mem. Supp.2d Mot. Dismiss, Ex. 4.) The physical requirements of the modified assignment were stated as "lifting, carrying (max wt. 5lbs), sitting, standing, walking." (Defs' Mem. Supp.2d Mot. Dismiss, Ex. 4.) In response to this offer, Plaintiff told Santiago, his supervisor, that he did not give a damn, that he was not doing nothing, that he can't do nothing, that he didn't care what

you say or do, that he didn't care where you put him he is not working. (Defs' Mem. Supp.2d Mot. Dismiss, Exs. 2, 5.) The following day, with his union representative present, Plaintiff again met with Santiago. After Santiago again explained the modified duty description, Plaintiff stated that he was not working anywhere, no matter what job, because the Post Office was not going to work him to death. (Defs' Mem. Supp.2d Mot. Dismiss, Ex, 5.) After his union representative asked him if this meant he would not work anywhere in the Post Office, Plaintiff responded in the affirmative, that he was not working anywhere. (Defs' Mem. Supp.2d Mot. Dismiss, Ex. 5.) After the union representative informed him that if he refuses to work anywhere in the building, he would be sent home without pay and would have to go through Workmen's Compensation, Plaintiff responded he did not care, he was not working anywhere, and he left the office. (Defs' Mem. Supp.2d Mot. Dismiss, Ex. 5.)

Plaintiff has provided no evidence of any adverse action. In his More Definite Statement and in his Response to Defendants' Motion for Summary Judgment, Plaintiff has provided the following exhibits (which are not marked for identification): medical records, Plaintiff's time sheets, Plaintiff's light duty medical certification, a Department of Veterans Affairs identification card, correspondence regarding Plaintiff's Worker's Compensation claim, correspondence regarding Plaintiff's FMLA leave request, a Functional Capacity Evaluation report, correspondence regarding Plaintiff's grievance over the Functional Capacity Evaluation and subsequent settlement with the Postal Service regarding that issue, and an affidavit of Plaintiff and other correspondence pertaining to a hospitalization in 2003. (Pl's Resp.2d Mot. Dismiss, Exs.)

In addition, Plaintiff supplied the following evidence related to the circumstances surrounding his three-week departure from work in March 2006: his own affidavit, three short affidavits from other employees, and two Offer of Modified Assignment forms dated 3/2/06 and 3/23/06. A one-sentence affidavit of George Graves, Sr. states that "I am aware of the fact that Mavion Moore was sent home by Denise Santiago from 03/08/06–03/30/06 saying there was no work for him." (Pl's Resp.2d Mot. Dismiss, Exs.) The affidavit of Wanda Irwin states that after she was diagnosed with carpal tunnel, she was placed on limited duty and has since been assigned to numerous jobs. (Pl's Resp.2d Mot. Dismiss, Exs.) The affidavit of Lillie Mae Jones states that as the president of the local union, she advised Plaintiff to contact Santiago on a daily basis requesting to be allowed to work. She also states that Plaintiff was sent home without any paperwork. (Pl's More Def. Statement, Exs.) Additionally, Plaintiff's response to the Motion for Summary Judgment is not styled as a memorandum or brief, but actually as an affidavit. In this document, Plaintiff states that during his meeting with Santiago, she "told [him] he had the right to reject the offer and explain [his] reasons which [he] did." (Pl's Resp.2d Mot. Dismiss, 1.) He mentioned "why did she wait until now to give me an assignment" and detailed some of his medical problems. (Pl's Resp.2d Mot. Dismiss, 1.) After he rejected his modified assignment, "[Santiago] told me she didn't have any work for me to come in every day too see if there's work available ... I am considered light duty and not limited duty until OWCP acts on my [form]. So I feel like she is punishing me for no taking the original assignment." (Pl's Resp.2d Mot. Dismiss, 2.) The two Offer of Modified Assignment forms, provided by Plaintiff, indicate that Plaintiff rejected the first

Offer in early March and accepted the second Offer in late March. (Pl's More Def. Statement, Exs.)

Plaintiff has not presented any evidence demonstrating an adverse action or any circumstances which would raise an inference of discrimination. Even casting the facts in the light most favorable to Plaintiff, the Court finds that this series of events does not constitute an "adverse action." Plaintiff's rejection of his assignment offer and refusal to work, followed by Defendant's decision to send him home without pay, does not constitute an adverse action under the Rehabilitation Act. Moreover, there is no evidence whatsoever suggesting that this alleged adverse action occurred under circumstances which would raise an inference of discrimination. Plaintiff must establish that the employment action occurred because of the existence of the disability, rather than an individual's conduct as a result of the disability, or the consequences of that disability. *See, e.g., Little v. F.B.I.*, 1 F.3d 255, 258 (4th Cir.1993). In the instant case, the employment action (i.e. sending Plaintiff home without pay) occurred because of Plaintiff's conduct (i.e. his refusal to work). While Plaintiff alleges that he has been treated less favorably than other employees similarly situated, he has provided no evidence to support this allegation. (Pl's More Def. Statement, 7.)

Accordingly, the Court finds that Plaintiff has not met his burden to establish a *prima facie* case of disparate treatment based or disability, because he has not shown any adverse action taken by the Postal Service or any circumstances raising an inference of discrimination.

## D. Legitimate Non–Discriminatory Reason

■ Alternatively, even if Plaintiff had established a *prima facie* case for discrimi-

nation, the Postal Service has shown legitimate, non-discriminatory reasons for its actions. Defendants maintain that Plaintiff was sent home because he refused to do anything at work. Plaintiff must prove that this alleged legitimate nondiscriminatory reason was merely a pretext for unlawful discrimination. *Webster*, 32 Fed. Appx. at 41. Plaintiff has made no such showing.

The Court has viewed the record as a whole, and the Court finds that there is no genuine issue as to any material fact and that Defendants are entitled to a judgment as a matter of law. Plaintiff has not offered any evident:e to show that there is in fact a genuine issue for trial. The Court finds that Plaintiff failed to meet his burden to establish a *prima facie* case, and alternatively, that Plaintiff has not met its burden to show that Defendant's proffered reason is a mere pretext for discrimination. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is **GRANTED** in part. Defendants Santiago, Jones, and Spriggins are **DISMISSED** from this case, and the only remaining Defendant is John E. Potter, Postmaster General, as the appropriate officer of the United States Postal Service, in his official capacity. Respecting Potter, the Defendants' Motion for Summary Judgment is **GRANTED,** and this civil action is hereby **DISMISSED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel for the Plaintiffs and the Defendants.

**IT IS SO ORDERED.**