**DLD-193**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3578
_____

RICHARD P. KAPLAN,

Appellant

v.

MR. EBERT, Warden, FCI Allenwood; MR. SCHRADER, Counselor, FCI Allenwood;
JOHN DOE, Visitation Officer, FCI Allenwood

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00605)
District Judge: Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 24, 2016

Before:    CHAGARES, GREENAWAY, JR. and SLOVITER[1], Circuit Judges

(Opinion filed May 3, 2016)

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case. Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

_____

OPINION[*]

_____

PER CURIAM

Federal prisoner Richard Kaplan appeals pro se from the District Court's decision granting summary judgment against him in this civil action brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  For the reasons that follow, we will summarily affirm the District Court's decision.

I.

Kaplan is currently serving a federal prison sentence for using an interstate commerce facility and the mail in an attempt to commit a murder for hire, in violation of 18 U.S.C. § 1958.  From May 2010 to February 2012, he was incarcerated at FCI Allenwood Medium ("Allenwood") in White Deer, Pennsylvania.  In March 2014, he filed a pro se complaint in the District Court against three Allenwood prison officials — the warden, a counselor, and a John Doe "visitation officer."  Kaplan alleged, inter alia, that he had been denied an attorney visit in August 2010, that the defendants had conspired against him in several respects, that certain documents were not provided to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

him after he made requests under FOIA, and that he had been framed and falsely imprisoned for the aforementioned murder-for-hire charge. In light of these allegations, he sought $20 million from each defendant. Kaplan also asked the District Court to "place criminal charges" against the defendants and conduct a criminal investigation into the alleged conspiracy.

The defendants filed a motion to dismiss the complaint and, in the alternative, sought summary judgment. Kaplan opposed the motion. On October 1, 2015, the District Court entered an opinion and order granting summary judgment in favor of the defendants. In its 40-page opinion, the District Court liberally construed Kaplan's complaint as raising claims under Bivens, the FTCA, and FOIA. The District Court concluded that each of Kaplan's Bivens claims was untimely, barred by Heck v. Humphrey, 512 U.S. 477 (1994),[2] and/or relied on allegations that were insufficient for a reasonable jury to return a verdict in his favor. The District Court further concluded that his FTCA claim was untimely, and that his FOIA claims failed because he had not properly exhausted his administrative remedies.

Kaplan has timely appealed from the District Court's judgment.

II.

_____

[2] In Heck, "the Supreme Court held that where success in a [42 U.S.C.] § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). "[T]he reasoning in *Heck* has been applied to bar

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011).[3] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted). We may affirm the District Court's judgment on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

Having reviewed the record, we conclude that the District Court did not err in granting the defendants' motion for summary judgment. For substantially the reasons

_____

*Bivens* claims." Lora-Pena v. FBI, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam).
[3] We apply a different standard of review when "reviewing an order of a District Court granting summary judgment in proceedings seeking disclosure under the FOIA." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (per curiam); see id. (describing the two-tiered test for such claims). Kaplan's complaint did not appear to seek disclosure under FOIA; rather, to the extent that he sought relief for a violation of FOIA, he asked for money damages. As explained later in this opinion, a claim for money damages is not cognizable under FOIA, and we see no need to apply in this case the test that governs claims that *are* properly brought under FOIA.

4

provided by the District Court, we agree with its conclusion that Kaplan's <u>Bivens</u> claims fail. As for his FTCA claim, which concerned the alleged denial of an attorney visit in 2010, such a claim is properly brought against the United States, not federal officials/employees. <u>See, e.g.</u>, <u>Harbury v. Hayden</u>, 522 F.3d 413, 416 (D.C. Cir. 2008); <u>Kennedy v. U.S. Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam); <u>see also</u> <u>Cestonaro v. United States</u>, 211 F.3d 749, 753 (3d Cir. 2000) ("The express purpose of the FTCA is to make the *United States* liable 'in the same manner and to the same extent as a private individual under like circumstances . . . .'") (emphasis added) (quoting 28 U.S.C. § 2674). Even if Kaplan had amended his complaint so that his FTCA claim was directed against the United States, that claim would still have failed. Indeed, as the District Court explained, that claim was untimely and equitable tolling was not warranted. Lastly, Kaplan's FOIA claims were not cognizable for two reasons.[4] First, those claims may not be brought against federal officials/employees. <u>See, e.g.</u>, <u>Drake v. Obama</u>, 664 F.3d 774, 785-86 (9th Cir. 2011) (collecting cases). Second, money damages — the relief that Kaplan sought here — are not available under FOIA. <u>See, e.g.</u>, <u>Cornucopia Inst. v. U.S. Dep't of Agric.</u>, 560 F.3d 673, 675 n.1 (7th Cir. 2009); <u>Johnson v. City of Shorewood</u>, 360 F.3d 810, 816 (8th Cir. 2004).

---

[4] As a result, we need not determine whether the District Court correctly concluded that these claims fail for lack of exhaustion.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  Kaplan's motion for appointment of counsel is denied, see Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), as is his "Motion Directing All Courts to Reverse Its Erroneous Decisions Based upon the Government Informant John[]Garafalo Being a Government Agent not an Inmate which Requires Reversal."