**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, in her own capacity and as the natural mother and legal guardian of her minor child, John Doe and JOHN DOE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALHAMBRA SCHOOL DISTRICT, <br><br> Defendant - Appellee. | No. 09-15300 <br><br> D.C. No. 2:07-cv-01998-GMS <br><br> MEMORANDUM[*] |

| | |
|---|---|
| JANE DOE, in her own capacity and as the natural mother and legal guardian of her minor child, John Doe and JOHN DOE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BILL FRANKLIN DICKENSON; et al., <br><br> Defendants - Appellees. | No. 09-16440 <br><br> D.C. No. 2:07-cv-01998-GMS |

Appeal from the United States District Court
for the District of Arizona

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

G. Murray Snow, District Judge, Presiding

Argued and Submitted October 8, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Jane Doe, on behalf of her minor son John Doe (collectively "Doe"), appeals the district court's decisions (1) dismissing Doe's 42 U.S.C. § 1983 claim against the Alhambra School District ("District") on the pleadings, (2) granting summary judgment to the City of Phoenix ("City") on Doe's § 1983 claim, and (3) granting summary judgment to both the City and the District on Doe's state law claims. *Doe v. Dickenson*, 615 F. Supp. 2d 2001 (D. Ariz. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     Doe's Complaint does not state a cause of action under § 1983 against the District, so it was properly dismissed.[1] Under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), the District could not be held liable for "negligent training and supervision," which was the only § 1983 related allegation against the District in the Complaint. Rather, Doe needed to allege that the District's actions amounted to a policy of deliberate indifference. *See Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Mere

---

[1]     The dismissal was without prejudice, however, Doe did not amend.

negligence in training or supervision does not give rise to a *Monell* claim. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989).

2. Viewing the evidence in the light most favorable to Doe, he failed to produce evidence that would sustain a § 1983 claim of deliberate indifference against the City. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407-08 (1997). Even if a policy of failing to train employees to recognize signs of sexual abuse could amount to deliberate indifference, which we do not decide, it is undisputed that SROs received such training.[2] In addition, Arizona law, which SROs take an oath to obey, specifically requires police officers to report signs of sexual abuse. Ariz. Rev. Stat. Ann. § 13-3620. To the extent Doe alleges that the City failed to have a policy prohibiting sexual molestation of students or conduct that might lead to it, there is no evidence that prior similar incidents or persistent constitutional violations had occurred, nor was the Doe incident a "highly predictable consequence" of failure to train along the lines that Doe suggests. *See Bryan County*, 520 U.S. at 407-09. The law that SROs are sworn to obey also prohibits sexual molestation of the sort that occurred here. In these circumstances, the need for better training was not so "obvious" that the City

---

[2] Because SROs received training, Doe's reliance on *Doe v. Estes*, 926 F. Supp. 979, 987-88 (D. Nev. 1996), is misplaced, and we have no need to consider whether its reasoning is persuasive or not.

3

could "reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Further, the record demonstrates the City was not deliberately indifferent in supervising Doe. Dickenson's supervisors visited with him weekly and spoke with the staff at his school. There were no negative reports of Dickenson's performance as an SRO. Doe only produced evidence showing that Dickenson gave students rides home and may have paid for a few students' field trips. Even if the City should have disapproved of these actions, without knowledge of sexual abuse or knowledge of inappropriate behavior, deliberate indifference in supervision does not arise from failing to infer sexual abuse from seemingly benign actions. *See Plumeau v. Yamhill County Sch. Dist. No. 40,* 907 F. Supp. 1423, 1440 (D. Or. 1995), *aff'd* 130 F.3d 432 (9th Cir. 1997).

Finally, Doe fails to produce any evidence showing that, if there were deliberate indifference on the part of the City, the deliberate indifference was also a "moving force" behind Dickenson's alleged sexual abuse. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006). Doe produced no evidence to meet his burden of "establish[ing] that the injury would have been avoided had proper policies been implemented." *Id.* at 1190 (internal quotation marks and citation omitted).

4

3.    Doe failed to show that either the City or the District knew of Dickenson's propensity to molest students.  Thus, both the City and District were entitled to immunity for Doe's state law claims under Arizona law.  *See* Ariz. Rev. Stat. Ann. § 12-820.05(B).

AFFIRMED.