**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANUBHAI M. PATEL; LALITABEN N. PATEL; VIMAL NANU PATEL; VIMAL, INC., a California corporation, | No. 22-55294 |
| | D.C. No. 8:21-cv-01707-DOC-KES |
| *Plaintiffs-Appellants*, | |
| v. | OPINION |
| CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DOES, 1 through 10, inclusive, | |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 8, 2023[*]
Pasadena, California

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed July 11, 2023

Before:  Susan P. Graber and John B. Owens, Circuit Judges, and John R. Tunheim,[**] District Judge.

Per Curiam Opinion

## SUMMARY[***]

### 42 U.S.C. § 1983 / Pre-Seizure Notice

The panel affirmed the district court's judgment dismissing for failure to state a claim a 42 U.S.C. § 1983 action in which plaintiffs alleged that the Los Angeles County Sheriff's Department violated their constitutional rights by failing to provide pre-seizure notice.

The Sheriff's Department seized $98,000 from Plaintiffs pursuant to a state court judgment.

The panel concluded that the district court correctly held that plaintiffs failed to state a claim for violation of procedural due process.  The panel considered the *Mathews v. Eldridge*, 424 U.S. 319 (1976), factors:  the competing interests at stake, the risk of erroneous deprivation under existing procedures, and the value of substitute procedures.  First, the competing interests strongly weighed

---

[**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

against a conclusion that plaintiffs' procedural due process rights were violated. The City as creditor had a clear interest in collecting the money judgment because it prevailed before the California trial court and on appeal, and plaintiffs did not allege that the funds were exempt or were needed for subsistence. Second, the risk of erroneous deprivation under California's procedures was small because the procedures required the clerk of the court only to transcribe the amount of the money judgment and take account of statutory defenses like the exemptions asserted by a judgment debtor. Finally, given the small risk of erroneous deprivation, the value of the substitute procedure proposed by plaintiffs did not outweigh the strong interests of the City. The judgment put plaintiffs on notice to apply for exemptions, which plaintiffs did not do. In addition, courts have largely rejected the suggestion that pre-deprivation notice is constitutionally required.

## COUNSEL

Frank A. Weiser, Law Offices of Frank A. Weiser, Los Angeles, California, for Plaintiffs-Appellants.

Amber A. Logan, Logan Mathevosian & Hur LLP, Los Angeles, California; Michael M. Walsh, Deputy City Attorney; Scott Marcus, Chief Assistant City Attorney; Hydee Feldstein Soto, City Attorney; Office of the Los Angeles City Attorney; Los Angeles, California; Henry P. Nelson, Nelson & Fulton, Los Angeles, California; for Defendants-Appellees.

## OPINION

PER CURIAM:

Plaintiffs Nanubhai M. Patel, Lalitaben N. Patel, Vimal Nanu Patel, and Vimal, Inc., timely appeal from the district court's dismissal of their first amended complaint for failure to state a claim. After the Los Angeles County Sheriff's Department (the "Sheriff's Department") seized $98,000 from Plaintiffs pursuant to a state court judgment, Plaintiffs brought this 42 U.S.C. § 1983 action alleging that the failure to provide pre-seizure notice violated their constitutional rights. Reviewing de novo the dismissal, *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023), we affirm.

## I. Background

In May 2018, the City of Los Angeles (the "City") brought an action against Plaintiffs for abatement, unfair

competition, and public nuisance regarding their ownership of a motel. After contested proceedings, the state court entered judgment in the City's favor in November 2019, issued injunctive relief, and required Plaintiffs to pay the City $98,318.71. The California Court of Appeal dismissed Plaintiffs' appeal, and the California Supreme Court denied review in March 2021. At no time did Plaintiffs file for an exemption.[1]

On September 22, 2021, at the request of the City, a state court issued a writ of execution in the amount of the judgment. About six days later, the Sheriff's Department executed the writ against Plaintiffs' personal and business bank accounts at Bank of America and seized approximately $98,000.

Plaintiffs filed this 42 U.S.C. § 1983 action against the City, the Sheriff's Department, and the County of Los Angeles (the "County") on October 14, 2021. A month later, Plaintiffs filed a first amended complaint, the operative complaint. Plaintiffs allege that the seizure of funds without notice violated their procedural due process and other constitutional rights. The district court granted Defendants' motion to dismiss, holding in relevant part that Defendants' execution of the writ in compliance with California's post-judgment collection procedures did not violate Plaintiffs' due process rights. We have jurisdiction under 28 U.S.C. § 1291 to review this timely appeal.

---

[1] Under California law, judgment debtors may file to exempt certain essential funds from execution of a judgment. *See, e.g.*, Cal. Civ. Proc. Code § 703.030(a).

## II. Due Process Analysis

The district court correctly held that Plaintiffs failed to state a claim for a violation of procedural due process.[2] To determine whether there has been a due process violation, we consider the *Mathews v. Eldridge*, 424 U.S. 319 (1976), factors, which "include the competing interests at stake, the risk of erroneous deprivation under existing procedures, and the value of substitute procedures." *Duranceau v. Wallace*, 743 F.2d 709, 711 (9th Cir. 1984).

The competing interests strongly weigh against a conclusion that Plaintiffs' procedural due process rights were violated. "The fact that the creditor has obtained a judgment establishing the monetary liability of the debtor gives it a strong interest in a prompt and inexpensive satisfaction of the debt." *Finberg v. Sullivan*, 634 F.2d 50, 58 (3d Cir. 1980) (en banc); *see also Duranceau*, 743 F.2d at 711 (reasoning that states have a general interest in "the effective enforcement of judgments"). In this case, the City as creditor has a clear interest in collecting the money judgment because it prevailed before the California trial court and on appeal. Although a judgment debtor has a strong interest in protecting statutorily exempt funds, especially those needed for subsistence, *e.g.*, *Betts v. Tom*, 431 F. Supp. 1369, 1375–77 (D. Haw. 1977), Plaintiffs have not alleged—in either the original complaint or the first amended complaint—that the funds are exempt or are

---

[2] We reject the City's argument that we should dismiss the appeal as defective because Plaintiffs copied and pasted sections of their district court brief. Although Plaintiffs repeat verbatim some of the arguments that they made to the district court, those arguments are relevant to our court as well. Neither the Federal Rules of Appellate Procedure nor any other binding legal authorities require that we dismiss the appeal.

needed for subsistence. In these circumstances, the City's interest in retaining the funds outweighs Plaintiffs'. *See, e.g.*, *McCahey v. L.P. Invs.*, 774 F.2d 543, 549 (2d Cir. 1985) ("The debtor's interest in preserving non-exempt property for his or her own use is of course subservient to the creditor's judgment.").

The risk of erroneous deprivation under California's procedures is small because the procedures require the clerk of the court only to transcribe the amount of the money judgment and "take account of statutory defenses like the earnings exemptions asserted by [a judgment debtor]." *Duranceau*, 743 F.2d at 712 (noting, in similar circumstances, that "the sources of error are few"); Cal. Civ. Proc. Code § 699.510(a) (outlining the procedure for the issuance of a writ of execution); Civ. Proc. § 699.520(f)–(g). Further, under California procedures, certain property is exempt automatically, without action by the debtor. *See, e.g.*, Civ. Proc. § 704.080 (deposit accounts that receive public benefit or social security payments); Civ. Proc. § 704.120 (unemployment benefits); Civ. Proc. § 704.170 (aid payments from charitable organizations); Civ. Proc. § 704.220 (money in a deposit account equal to a minimum standard of living).

Given the small risk of erroneous deprivation, the value of the substitute procedure proposed by Plaintiffs does not outweigh the strong interests of the City. Plaintiffs contend that no safeguards prior to seizure exist in California and suggest that they must receive notice before execution of the writ to protect exempt property. But the value of pre-deprivation notice—the substitute procedure—is de minimis because Plaintiffs already had a contested court proceeding that resulted in entry of the judgment. The judgment put Plaintiffs on notice to apply for exemptions. *See* Civ. Proc.

§§ 703.020(b)(1), 703.030(a) (indicating that the judgment debtor may claim exemptions and the time and manner to do so); *see also Phillips v. Bartolomie*, 121 Cal. Rptr. 56, 62 (Ct. App. 1975) (noting that a judgment debtor could file an exemption "immediately after the judgment is entered"). Moreover, as mentioned above, California has several automatic exemptions that apply without action by the debtor.  Plaintiffs did not invoke these statutory safeguards, assert that their funds are exempt, or state that the funds are necessary for subsistence.  Additional notice prior to execution of the writ would therefore not reduce the risk of erroneous deprivation.

In addition, courts have largely rejected the suggestion that pre-deprivation notice is constitutionally required. *E.g.*, *McCahey*, 774 F.2d at 550; *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1368 (5th Cir. 1976); *but see Betts*, 431 F. Supp. at 1377–78 (holding a Hawaii statute unconstitutional because it permitted garnishment of a bank account containing funds from an aid grant without pre-deprivation notice).  Because the City's interests outweigh Plaintiffs', the risk of erroneous deprivation is small, and the value of the substitute procedure is minimal, we join those courts in holding that the lack of pre-deprivation notice did not violate Plaintiffs' due process rights in this particular situation. *See Mathews*, 424 U.S. at 334 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (cleaned up)).

Finally, the district court correctly dismissed Plaintiffs' Fourth and Fifth Amendment[3] and Equal Protection claims.[4] We need not reach the remaining issues.[5]

**AFFIRMED.**

---

[3] Plaintiffs briefly challenge the dismissal of their Fourth and Fifth Amendment claims on the basis of a due process violation, but those claims fail because there was no due process violation.

[4] Plaintiffs rest their equal protection claim on a comparison between pre- and post-judgment debtors. However, this comparison is misplaced: post-judgment debtors clearly differ from pre-judgment debtors because post-judgment debtors already have had a judicial proceeding. *See Brown*, 539 F.2d at 1366; *Wyshak v. Wyshak*, 138 Cal. Rptr. 811, 812–13 (Ct. App. 1977) (emphasizing the different due process concerns of pre-judgement and post-judgment debtors). Because the distinction is rational, Plaintiffs' equal protection claim cannot succeed on this ground.

[5] Plaintiffs' Opening Brief does not mention the First Amendment, so they have forfeited any challenge to the district court's dismissal of that claim. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 n.7 (9th Cir. 2021). They also do not argue "specifically and distinctly" that the district court abused its discretion by denying leave to amend, so we do not review that issue. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Nor do we reach whether the Sheriff's Department and the County have immunity.