**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALEY RAE PAVILLARD, an individual, | No.    22-55442 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:21-cv-01306-RGK-E |
| IGNITE INTERNATIONAL, LTD., a Wyoming limited company, | MEMORANDUM* |
| Defendant-third-party-plaintiff-Appellant, | |
| v. | |
| JOSH RYAN, DBA Josh Ryan Photography; L.A. MODELS, INC., | |
| Third-party-defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 20, 2023
Pasadena, California

Before:  PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.

Ignite International, Ltd. ("Ignite") appeals the district court's denial of its renewed motion for judgment as a matter of law ("JMOL"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a renewed motion for JMOL. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). A renewed motion for JMOL should be denied if the jury's verdict "is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id.* (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). We affirm.

1.     Ignite argues that Caley Rae Pavillard presented insufficient evidence to support the jury's finding that she was Ignite's employee. Under California law, workers are presumed to be employees unless a hiring entity can show:

> (A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.
> (B) The person performs work that was outside the usual course of the hiring entity's business.
> (C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.

Cal. Lab. Code § 2775(b)(1). All three elements must be satisfied to defeat the

---

**     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

presumption that a worker is an employee. *Id.*

There was substantial evidence to support the jury's conclusion that Pavillard was an employee because she was not free from Ignite's control or direction in connection with the work she performed for Ignite. Pavillard testified that Ignite set the time for the photoshoot and determined when the shoot was to end. Pavillard also testified that she could not leave for breaks, perform other work, or control her physical appearance during the shoot. Although the record also contains evidence that could have supported a contrary finding, this is not sufficient to overturn the jury's verdict. To prevail, Ignite needed to show that the evidence permitted "only one reasonable conclusion, and that conclusion [was] contrary to the jury's verdict." *Harper*, 553 F.3d at 1021 (internal quotations omitted). Ignite did not make that showing.

2.      Ignite argues that it "was entitled as a matter of law to assert a good faith defense" and that the district court erred when it failed to recognize this defense to the alleged willfulness of Ignite's conduct pursuant to California Labor Code § 203. The presence of a good-faith dispute, however, is a question of fact. *See Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1332, 232 Cal. Rptr. 3d 461, 478 (Cal. Ct. App. 2018). As discussed, there was substantial evidence to support the jury's conclusion that Pavillard was an employee. The district court correctly determined that there was sufficient evidence to support the jury's

conclusion that Ignite had notice of its obligation to pay Pavillard and willfully failed to do so.

Moreover, to the extent Ignite attempts to argue that the jury was not properly instructed, the parties did not request a good-faith dispute instruction in their proposed jury instructions. Ignite did not object to the jury instructions that were given, and it does not meaningfully advance on appeal the argument that the jury was not properly instructed. Accordingly, any challenge to the willfulness determination is waived. *See Patel v. City of Los Angeles*, 72 F.4th 1103, 1106 n.5 (9th Cir. 2023) (declining to review an issue when a plaintiff did not argue "specifically and distinctly" that the district court erred).

**AFFIRMED.**[1]

---

[1] Pavillard's motion to take judicial notice (Dkt. No. 29) is DENIED.